## ACTION FOR INJURIES FROM FALLING INTO AN OLD CISTERN.

Court of Appeals for Hamilton County.

WILLIAM P. DEVOU v. ANNIE HUGHES.

Decided, July 5, 1913.

*Landlord and Tenant—Liability of Owner for Injury from Falling Into Cistern—Necessary Proof as to Defective Condition.*

In an action against a landlord for damages for injuries, sustained by a daughter of a tenant who fell into an abandoned cistern in the back yard while hanging out a washing, an allegation that the cistern was completely concealed from view by a growth of grass and weeds and that the cover of the cistern was in "an unsafe, unsound, rotten and dangerous condition," is not supported by proof which goes no further with reference to the cover of the cistern than to show that the rim was broken off.

*Jackson & Woodward,* for plaintiff in error.
*Johnson & Levy,* contra.

SWING, J.; JONES, E. H., J., and JONES, O. B., J., concur.

This was an action in the court of common pleas by Annie Hughes against William P. Devou for damages resulting from injuries received by Annie Hughes by falling into a cistern which was located upon the premises of said Devou. The gist of the action is thus set out in the amended petition of the plaintiff:

"Plaintiff, Annie Hughes, a colored girl, states that on or about the 28th day of July, 1908, her father for the use of himself and family, including plaintiff, rented from the defendant as a tenant from month to month, the second floor of the premises known and numbered as 620 West Fourth street, in the city of Cincinnati; that defendant was the owner and in charge of the premises herein referred to and the building thereon, the rooms in which defendant rented to different tenants; that in the rear of said building on said premises and appurtenant thereto was located a yard used by the consent of the defendant in common by the various tenants of defendant including plaintiff and her father for the purpose, among other things, of drying washing, the surface of which was covered with a thick growth of long

grass, weeds and underbrush; that concealed under said growth of long grass and weeds in said yard, and located on said premises and completely hidden from view, was a cistern the covering of which the defendant negligently permitted to become concealed from view and in an unsafe, unsound, rotten and dangerous condition of which—its existence and the dangerous and unsafe condition—plaintiff and her father were at all time unaware and in total ignorance; that defendant was at all times during the tendency herein referred to in the control of said premises and in charge thereof, and that on the 6th day of August, 1908, that while walking through said yard engaged about the family washing she stepped upon the grass and weeds which had overgrown and concealed the covering of said cistern, and without any fault or negligence on her part in the exercise of due care, but solely by reason of the defective and dangerous condition of said covering and cistern which was concealed in the manner above stated, she fell into same and was hurt."

At the close of the evidence for the plaintiff, defendant moved the court to instruct a verdict for the defendant, and this motion was renewed at the close of all the evidence, both of which motions were overruled by the court. A verdict and judgment was entered for the plaintiff in the sum of twelve hundred and fifty dollars.

The evidence clearly shows that the yard was overgrown with weeds and grass, and it further shows that the cistern was concealed from view by this grass and weeds; but as to the covering of said cistern, which was alleged to be defective in that it was in an "unsafe, unsound, rotten and dangerous condition" it is not clearly shown; in fact, all that was shown in regard to it was that part of the rim had been broken off. Whether by reason of this rim being broken the covering was displaced when the plaintiff stepped on it or whether it did not properly cover the cistern the evidence does not show. The defendant would have been liable, no doubt, if the evidence had shown either of these facts, but it must be evident that in order to sustain the judgment the evidence should show that the injury was caused by a defect in the cover, and that by simply proving that the rim was broken does not go far enough in proving that the action occurred by reason of the broken rim.

The special finding of the jury that the accident was caused by "negligence in not keeping the yard in proper condition" does not throw much light on the question for the reason that it does not point out the improper condition that the yard was in, even if the jury meant that the cistern was in the part of the yard that was not kept in proper condition.

The evidence showed that the injuries were very serious and permanent, and the amount of the judgment was very small. We do not think the judgment is sustained by sufficient evidence, and for this reason it is reversed and the cause remanded for a new trial. We find no other error in the record.

Cause remanded to the court of common pleas for further proceedings according to law.