UNITED STATES of America, Appellee,

v.

**Robert Wilton EVANS, Appellant.**

UNITED STATES of America, Appellee,

v.

**J. W. WHITEHEAD, Jr., Appellant.**

**Nos. 77–1714, 77–1715.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 9, 1977.

Decided Jan. 17, 1978.

---

Stephen H. Nimocks, Fayetteville, N. C. (Nimocks & Taylor, Fayetteville, N. C., on brief), for appellant in No. 77–1715.

Herman E. Gaskins, Jr., Asst. U. S. Atty., Raleigh, N. C. (George M. Anderson, U. S. Atty., Raleigh, N. C., on brief), for the United States.

Before WINTER and BUTZNER, Circuit Judges, and FIELD, Senior Circuit Judge.

BUTZNER, Circuit Judge.

Robert W. Evans and J. W. Whitehead, Jr., appeal their convictions for bank robbery. We find no merit in Evans's numerous assignments of error. Whitehead's conviction, however, must be vacated because of the late appointment of his counsel.

I

Evans's principal assignment of error involves the Assistant United States Attorney's cross-examination of character witnesses regarding their knowledge of Evans's criminal record. The prosecutor asked these witnesses whether they knew of Evans's prior convictions for larceny, assault with a deadly weapon, and receiving stolen goods, and of his arrests for assault on a female, failure to stop for a police vehicle, and driving 110 miles per hour in a 55 miles per hour zone.

Federal Rule of Evidence 405 states:

(a) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

While the court could have limited the scope of cross-examination, we find no violation of the rule and no abuse of discretion. *Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). We also find no merit in Evans's other assignments of error.

Carl A. Barrington, Jr. and C. Bruce Armstrong, Fayetteville, N. C. (Barrington, Jones & Witcover, Fayetteville, N. C., on brief), for appellant in No. 77–1714.

## II

Although Whitehead appeared at his preliminary hearing with privately retained counsel, that attorney subsequently found that Whitehead could not pay him and notified the prosecutor that he was withdrawing. On December 8, 1976, Whitehead appeared alone at his arraignment, entered a plea of not guilty, and executed an affidavit of indigency for the appointment of counsel. The magistrate found him ineligible. The record does not show that Whitehead was told he could apply to the district court for reconsideration of his need for appointed counsel.

Thereafter Whitehead received conflicting notices of the date his trial was to begin, and on one occasion he appeared without counsel, believing he was to be tried that day. Eventually he received a correct notice of the trial date and a letter from an Assistant United States Attorney warning him to engage counsel or to prepare to defend himself.

Even though Whitehead had already come to court three times and had given no indication that he would not appear for trial, the prosecutor moved *ex parte* for increased bail on the ground that, since Whitehead apparently had not prepared a defense, he was unlikely to appear. He was arrested on February 10 at a military hospital where he was undergoing examination for a pension, and he was taken to jail.

On Friday, February 11, Whitehead executed a second affidavit of indigency. When the district judge learned of Whitehead's lack of counsel, he immediately appointed an attorney for him. The attorney was notified of his appointment by a probation officer sometime near the middle of the day on Friday. He was reluctant to accept the appointment because he had two matters beginning Monday in state court. Nevertheless, recognizing that he had no choice, he undertook Whitehead's defense and conferred with him on Saturday in jail. The following Monday the court denied a motion for a continuance, and the prosecution opened its files to Whitehead's attorney. On Tuesday, at the start of the four-

day trial, the court again denied a motion for a continuance.

In arguing that the district judge did not abuse his discretion by denying the motions for a continuance, the government relies on cases in which this court found no ineffective assistance where counsel was able to conduct a vigorous defense despite entering the case shortly before trial. *United States v. Gaither,* 527 F.2d 456, 457–58 (4th Cir. 1975); *Sykes v. Virginia,* 364 F.2d 314, 316 (4th Cir. 1966). *Gaither* additionally noted that the appointed counsel's difficulties were caused by the defendant's intentional refusal to work with him.

In support of his motion for a continuance, Whitehead's attorney explained to the court that he had not had time to interview witnesses before trial. Moreover, the record demonstrates that because of his late appointment, he deferred to Evans's counsel. This situation proved especially damaging to Whitehead's cause, since it became clear as the trial progressed that the defendants' positions were antagonistic.

The record will not support a finding that Whitehead was dilatory or that he caused his attorney's difficulties at trial. The district court—contrary to the magistrate's ruling—found him entitled to court-appointed counsel, and the record reveals no evidence that he impeded the evaluation of his eligibility. Also, the facts do not show the deliberate disregard for the court's schedule that prompted our holding in *Gaither.*

This case illustrates a breakdown in the management of the trial calendar. The clerk knew that Whitehead had appeared without counsel as early as December 13 under the misapprehension that he was to be tried that day. The file contained his financial affidavit in support of a request for an attorney, and the docket sheet indicated that no defense attorney had noted an appearance during the months of December and January. The court, however, apparently was never notified of Whitehead's claim of indigency or lack of counsel until virtually the eve of trial. Moreover, the Assistant United States Attorney, in-

stead of telling Whitehead that he had a right to appear before the district judge to seek counsel, erroneously advised him either to engage counsel or to prepare to defend himself. Under these circumstances, we conclude that the district court, acting with sound discretion, should have granted a continuance.

The judgment in *United States v. Evans*, No. 77–1714, is affirmed, and the judgment in *United States v. Whitehead*, No. 77–1715, is vacated, and the case is remanded for a new trial.