**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George Lee KOSKO,
Defendant–Appellant.**

**No. 88–5061.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 13, 1989.

Decided March 22, 1989.

John Palmer Fishwick, Jr. (Fishwick and Young, Roanoke, Va., on brief), for defendant-appellant.

Karen Breeding Peters, Asst. U.S. Atty., Alexandria, Va. (John P. Alderman, U.S. Atty., Morgan E. Scott, Asst. U.S. Atty., Roanoke, Va., on brief), for plaintiff-appellee.

Before RUSSELL and WILKINS, Circuit Judges, and MOTZ, District Judge for the District of Maryland, sitting by designation.

MOTZ, District Judge.

A jury found George Lee Kosko guilty of engaging in a continuing criminal enterprise, participating in a conspiracy to distribute cocaine and three substantive acts of cocaine distribution. He was sentenced to ten years' imprisonment on the CCE count and twelve consecutive years on the distribution charges.[1] He was also convicted of two charges of income tax evasion and was sentenced to three years' probation on those charges.

---

1. The District Court properly found that the conspiracy count was merged into the CCE count. *See United States v. Ricks,* 776 F.2d 455, 462 (4th Cir.1985).

## I.

Kosko's primary contention on this appeal is that the District Court abused its discretion in not granting him a trial continuance. The facts giving rise to this contention may be briefly stated. Kosko was arrested on April 17, 1987. On April 23, 1987, he was released on conditions which, *inter alia,* confined him to the Roanoke, Virginia area. He was subsequently indicted, and on June 11, 1987, he was arraigned and the same conditions of release were extended. A trial date of July 27, 1987 was set. On or about June 19, 1987, the Court modified the conditions of release to permit Kosko to return to Daytona Beach, Florida. On or about July 2, 1987, Kosko violated the conditions of his release by failing to report to a probation officer in Florida. He thereafter disappeared.

The trial date was continued from July 27, 1987 to January 25, 1988. During this period Kosko remained in contact with his privately retained counsel, Fergus Norton. Norton was aware of the January 1988 trial date. On December 22, 1987 the Court entered an order directing that Kosko be tried *in absentia* (together with his remaining four co-defendants). On January 21, 1988 Norton moved for and (over the government's objection) was granted leave to withdraw his appearance. Simultaneously, the Court appointed a Roanoke attorney, John Fishwick, to represent Kosko.

On January 22, 1988, Fishwick was provided with most of the discovery, including grand jury transcripts of witness testimony, and was given a detailed briefing on the case by the Assistant United States Attorney. This briefing included a review of a schematic drawing of the conspiracy and the Assistant's personal trial chart which listed the names and order of the government's witnesses and provided a capsulized version of their testimony and the exhibits to be introduced through them. Pursuant to arrangements which Norton had made on Kosko's behalf, on the afternoon of Sunday, January 24, 1988, Kosko turned himself in to the District Judge and the United States Marshal. Fishwick was present on this occasion and spoke with Kosko for approximately forty-five minutes.

On the morning of trial Fishwick moved for a one-week continuance to give him a greater opportunity to prepare. The District Court, which had a week-long trial scheduled at another place of holding court the following week, denied the motion. The Court directed, however, that the government's evidence would not begin until the following morning.

## II.

Fishwick's discomfort in being required to prepare for trial in three days is understandable. However, the question of whether or not to grant a continuance is left to the discretion of the trial court, *see, e.g., Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964); *United States v. Pigford,* 461 F.2d 648, 649 (4th Cir.1972), and there clearly was no error in the denial of the continuance here. Although "a myopic insistence upon expeditiousness" may constitute not only an abuse of discretion but (in the event that it results in the effective denial of counsel) a constitutional violation as well, *Ungar v. Sarafite,* 376 U.S. at 589, 84 S.Ct. at 849, the underlying request must be justified.

*United States v. Gaither,* 527 F.2d 456 (4th Cir.1975), *cert. denied,* 425 U.S. 952, 96 S.Ct. 1728, 48 L.Ed.2d 196 (1976), is very much on point. There, this Court held that the District Court did not abuse its discretion in denying a continuance to a defendant who had acquired counsel only one week before trial after having repeatedly fired other lawyers retained by or appointed for him. In so holding the Court indicated that a defendant is "in no position to complain of a situation for which he was 'intentionally and knowingly responsible'" *Id.* at 458 (quoting from *United States v. Grow,* 394 F.2d 182 (4th Cir.), *cert. denied,* 393 U.S. 840, 89 S.Ct. 118, 21 L.Ed.2d 111 (1968)). *Compare United States v. Evans,* 569 F.2d 209 (4th Cir.), *cert. denied,* 435 U.S. 975, 98 S.Ct. 1624, 56 L.Ed.2d 69 (1978). That ruling controls here. No situation could more clearly have been of Kos-

ko's own making than the one in which he found himself. Indeed, to have granted him the continuance and severance which he sought would have been to reward him for his misconduct in violating the conditions of his release and remaining a fugitive from justice.[2]

### III.

 Kosko also complains the District Court improperly permitted both a DEA agent and an IRS agent to remain in the courtroom during the trial. Ordinarily, when a sequestration rule is invoked, the government may be permitted to have only one case agent in the courtroom during trial. *See, e.g., United States v. Farnham*, 791 F.2d 331, 335 (4th Cir.1986). Here, however, the IRS agent was also to testify as an expert witness, and he was entitled to hear the other testimony in that capacity. *See Morvant v. Construction Aggregates Corporation*, 570 F.2d 626, 629 (6th Cir. 1978), *cert. denied*, 439 U.S. 801, 99 S.Ct. 44, 58 L.Ed.2d 94 (1978). In any event, the testimony of the two agents did not overlap as to any matter on which they had personal knowledge, and therefore their mutual presence during trial could not have undermined the integrity of the fact-finding process. *Compare, United States v. Farnham, supra.*

### IV.

 Kosko's remaining assignments of error are entirely without merit. The evidence was fully sufficient to sustain his CCE conviction, and the CCE instructions properly stated that a person may occupy a position of organizer, supervisor or manager without having direct personal contact over each of the persons whom he organizes, supervises or otherwise manages. *See, e.g., United States v. Jones*, 801 F.2d 304, 308 (8th Cir.1986). The District Court did not abuse its discretion in denying Kosko's request for a severance or not granting a mistrial after three of Kosko's co-de-

fendants pled guilty and testified against him. Whatever hearsay statements may have inadvertently found their way into the trial testimony were entirely incidental, and any error arising from them was wholly harmless. Finally, Kosko's contention that he was improperly sentenced both upon the CCE count and each of the three substantive distribution counts which were among the series of predicate offenses for the CCE count is foreclosed by *United States v. Ricks, supra.*

AFFIRMED.

---

**2.** It should also be noted that Kosko has not pointed to any specific prejudice arising from the denial of his requested continuance. The evidence against him was overwhelming, and he has not suggested any reason why the jury's verdict would have been different had the continuance been granted.