940 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph TAKIZAL, a/k/a Takizal Ten-A-Nyok, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Joseph TAKIZAL, a/k/a Takizal Ten-A-Nyok, Defendant-Appellee.
 Nos. 90-5722, 90-5729.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1991.
Decided Aug. 8, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-90-197-A)
 Neil Howard Jaffee, Washington, D.C., for appellant.
 William G. Otis, Assistant United States Attorney, Alexandria, Va. (Argued), for appellee; Henry E. Hudson, United States Attorney, Cynthia A. Young, Special Assistant United States Attorney, Alexandria, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and HERBERT F. MURRAY, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 HERBERT F. MURRAY, Senior District Judge:
 Joseph Takizal was indicted on two counts of selling, transferring and/or delivering counterfeit obligations under 18 U.S.C. Sec. 473. The jury acquitted Takizal of the two counts but convicted him of aiding and abetting with regard to both counts. Takizal was sentenced to three months of imprisonment. He now appeals his conviction on two grounds. First, Takizal argues that it was error for the trial judge to deny a motion for continuance on the eve of trial. In addition, he contends that the jury was improperly instructed that aiding and abetting was a "lesser included offense" of each count in the indictment. The government cross-appeals, contending that the district court erred when it granted Takizal a two-level reduction in offense level for acceptance of responsibility and declined to impose an upward adjustment for obstruction of justice.
 MOTION FOR CONTINUANCE
 On June 6, 1990, Takizal was indicted on two counts of unlawfully, knowingly, and willfully selling, transferring and/or delivering counterfeit obligations in violation of 18 U.S.C. Sec. 473. On August 7, 1990, the day before trial, Takizal moved for a continuance to secure the attendance of two witnesses for trial. Judge Claude Hilton of the Eastern District of Virginia denied the motion after a hearing on August 7, 1990. The motion for continuance was renewed the next day, the trial date. After hearing both sides, the judge denied the motion and commenced the trial.
 At these hearings it was established that one potential witness, Mr. Olatunde Kolawole, was subpoenaed but was not found by the U.S. Marshals Service. The other potential witness, Ms. Alma Slaughter, was subpoenaed but had indicated that she would not testify. Mr. Kolawole was involved in the offense at issue and had pleaded guilty before Judge Hilton to transferring counterfeit securities. Counsel for Takizal proffered that Kolawole would testify that because he was having trouble burning counterfeit bills in his apartment, he took the bills to Takizal and asked Takizal to burn them. Ms. Slaughter would also testify that Kolawole gave the money to Takizal for the purpose of burning it. This testimony, defense counsel contended, would show (1) the identity of the person who transferred the counterfeit bills and (2) that Takizal did not intend to transfer the bills to anyone. The government alleged that after receiving the bills from Kolawole, Takizal transferred the bills to Anthony Chukwumah. The district judge concluded that Kolawole's testimony would not in any event be helpful to the defense and that the defense had "ample time" to secure the witnesses for trial. The judge also expressed concern that there was no assurance that the witnesses could be brought to testify even if a continuance were granted.
 The question of whether or not to grant a continuance is left to the discretion of the trial court. United States v. Kosko, 870 F.2d 162 (4th Cir.1989). Thus, the trial court's denial of a continuance will only be set aside for abuse of discretion, when the denial of a continuance is
 "so arbitrary and so fundamentally unfair as to invoke the Constitution." Shirley v. North Carolina, 528 F.2d 819, 822 (4th Cir.1975) (citing Ungar v. Sarafite, 376 U.S. 575, 589 (1964)). After reviewing the record in this case, we cannot say that the district judge's decision was an abuse of discretion. The testimony of the two potential witnesses was not imperative, and the defense had been afforded sufficient time prior to trial to secure the witnesses.
 AIDING AND ABETTING INSTRUCTION
 On August 8, 1990, at the close of the evidence, the judge instructed the jury that "a lesser included offense to the offenses charged is that of aiding and abetting." App. 139. Defense counsel made no objection to the instructions. After a brief period of deliberation, the jury asked to hear the aiding and abetting instruction again. The judge reread his instruction, beginning with, "And I have instructed you previously that it is a lesser included offense to the offense charged." App. 175. Again, defense counsel made no objection to the instruction. The jury was given a special verdict form which had a checkbox of "Guilty" or "Not guilty" under each count and another set of checkboxes for aiding and abetting each count. App. 187. The jury returned an hour and twenty minutes later with the verdict of "Not guilty" as to the two counts of the indictment, but "Guilty" of aiding and abetting as to each count.
 On October 9, 1990, new counsel for defendant filed a motion to set aside verdict and enter judgment of acquittal because the "lesser included" charge was erroneous. The judge denied the motion, ruling that the motion was untimely filed* and the jury was properly charged. Takizal now appeals, arguing that the jury instructions were improper and justify setting aside the verdict.
 First, we note that defendant failed to object to the instructions on both occasions that the district judge read the instructions. In the absence of proper objection before the jury retires for deliberation, an issue of erroneous jury instruction may not be raised on appeal unless the judge's instruction was clear error within the meaning of Fed.R.Crim.P. 52(b). United States v. McCaskill, 676 F.2d 995, 1001-1002 (4th Cir.1982), cert. denied, 459 U.S. 1018 (1982).
 Takizal argues that aiding and abetting is not a lesser included offense, and that the instruction to the jury characterizing aiding and abetting as a lesser included offense swayed the jury to find him guilty of what they thought was a less serious offense. The Eighth Circuit has explained the meaning of lesser included offenses as follows:
 A lesser included offense instruction is mandated when requested, provided the lesser offense is necessarily included in the offense charged. See Fed.R.Crim.P. 31(c). The lesser included offense must be both lesser and included. These requirements can only be met where the included offense involves fewer of the same constituent elements as the charged greater offense and where the claimed lesser offense has a lighter penalty attached to it than does the charged offense.
 United States v. Cady, 495 F.2d 742, 747 (8th Cir.1974). Takizal argues that aiding and abetting cannot be a lesser included offense since it carries the same penalty as the substantive offense, see Londono-Gomez v. Immigration and Naturalization Service, 699 F.2d 475, 476-477 (9th Cir.1983), and since it does not contain fewer elements than the substantive offense. The Government contends that the jury instructions were proper since aiding and abetting is an alternate theory of liability in any criminal case. The federal aiding and abetting statute is "considered embodied in full in every federal indictment." United States v. Michaels, 796 F.2d 1112, 1118 (9th Cir.1986), cert. denied, 479 U.S. 1038 (1987). While an aiding and abetting instruction was proper in this case, we agree with defendant that aiding and abetting an offense is not actually a lesser included offense. However, we cannot say that the mistake was clear error.
 The clear error rule, as an exception to the requirement of timely objection under Rule 30, should be applied "only in the exceptional case." United States v. McCaskill, supra at 1001-1002. This court has explained that such a case may be presented in the following situations:
 [W]here, after reviewing the entire record, it can be said the claimed error is a "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is a grave error which amounts to a denial of a fundamental right of the accused," or the error has "resulted in a miscarriage of justice or in the denial to the appellant of a fair trial" or where the error is such as to "seriously affect the fairness, integrity or public reputation of the judicial proceedings," or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."
 Id. (citations omitted). None of those situations is presented here. The instructions in this case did not render the trial fundamentally unfair. Nor can it be said that the mistake had a probable impact on the jury's finding. The jury was properly instructed as to the elements that must be proved to convict for aiding and abetting a counterfeiting offense under 18 U.S.C. Sec. 473. Furthermore, the jury was not told that aiding and abetting carried a lighter penalty than the offense committed by the principal. On the contrary, the jury was instructed that under 18 U.S.C. Sec. 2(a) an aider and abettor is "punishable as a principal" and is "just as guilty of the offense as if he committed it himself." App. 167. The jury was further instructed that it should not consider the punishment to be imposed in reaching a verdict. App. 170. A review of the record in this case convinces us that the characterization of aiding and abetting as a lesser included offense did not affect the verdict or render the trial unfair. Moreover, the facts in the case support the jury's findings.
 THE GOVERNMENT'S ISSUES ON CROSS-APPEAL
 The government contends that the district court erred in granting Takizal a downward departure for acceptance of responsibility under Guideline Sec. 3E1.1 and in failing to provide Takizal with a two-level upward adjustment for obstruction of justice under Guideline Sec. 3C1.1. The standard of review is "clearly erroneous" where, as here, the issues turn on factual determinations. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989).
 A. OBSTRUCTION OF JUSTICE
 The government argues that Takizal's trial testimony was false and amounted to an obstruction of justice under Guideline Sec. 3C1.1. That
 section provides that the offense level be increased by two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. Sec. 3C1.1 (1990). Because Takizal was found guilty, the government argues that defendant committed perjury when he testified. The guidelines provide a nonexhaustive list of conduct which may constitute obstruction of justice, leaving discretion to the trial court to decide whether obstruction of justice occurred. Even if a judge finds that perjury did take place, the court retains the discretion to decide whether such perjury constitutes obstruction of justice. In this case, the district court did not make a finding that Takizal perjured himself. The court stated, "[Y]our testimony at trial, while it did not amount to obstruction of justice, it certainly skirted around the acceptance of responsibility for what you had done." App. 264. The court's conclusion cannot be considered clearly erroneous. The commentary to the guidelines expressly provides that "the defendant's testimony and statements should be evaluated in a light most favorable to the defendant." U.S.S.G. Sec. 3C1.1, comment. (n. 1) (1990). We also note that the jury must have believed some of the defendant's testimony since he was acquitted of the charges as a principal and convicted only of aiding and abetting.
 Further, the government argues that Takizal made false statements on his financial affidavit in order to be appointed an attorney. These false affidavits, the government contends, amounted to an obstruction of justice and warranted an upward departure. The government cites no authority for the proposition that false financial affidavits for the purpose of obtaining court-appointed counsel may constitute an obstruction of justice. In any event, the district court's finding that the defendant's financial statements did not amount to an obstruction of justice cannot be considered clearly erroneous. The court stated:
 
 
 1
 I don't find, however, that either the testimony at trial or what application may have been filled out that omitted some school support from his father amounts to obstruction of justice.
 
 
 2
 App. 265. Upon review of the record, we perceive no error in the district court's refusal to grant an upward enhancement for obstruction of justice.
 
 B. ACCEPTANCE OF RESPONSIBILITY
 
 3
 The government argues that the district court erred in granting a two-point reduction in the offense level for acceptance of responsibility under Guideline Sec. 3E1.1. That guideline provides for a two-level reduction if "the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1 (1990). A trial court's determination that a defendant is entitled to a two-level reduction for acceptance of responsibility is "a factual issue that will not be disturbed unless clearly erroneous." United States v. Greenwood, 928 F.2d 645, 646 (4th Cir.1991) (citing United States v. White, 875 F.2d 427, 431 (4th Cir.1989)).
 
 
 4
 In this case, the judge stated at the time of sentencing that he found "the question of acceptance of responsibility to be a rather close one." App. 264. The court noted that defendant expressed remorse to the probation officer and also in court at the sentencing. The trial judge is in a unique position in assessing a defendant's acceptance of responsibility. We cannot say that the district court's finding in this regard was clearly erroneous.
 
 
 5
 Accordingly, the judgment of the district court is
 
 
 6
 AFFIRMED.
 
 
 7
 MURNAGHAN and SPROUSE, Circuit Judges, joined.
 
 
 
 *
 Under Rule 29(c) of the Federal Rules of Criminal Procedure, a motion for judgment of acquittal must be filed within seven days after the jury is discharged