**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4008**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSEPH F. ETIENNE, JR.,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Chief District Judge.  (3:06-cr-00150-JRS-1)

---

Submitted:  July 18, 2007      Decided:  September 24, 2008

---

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Craig W. Sampson, BARNES LAW FIRM, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Joseph Etienne was convicted of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349 (2000), multiple counts of health care fraud, in violation of 18 U.S.C. §§ 1374, 2 (2000), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Etienne was sentenced to 120 months of imprisonment. On appeal, he raises two issues. For the following reasons, we affirm.

Etienne first asserts that the district court abused its discretion by permitting a government agent (Agent Costen), who was not sequestered as a witness, to testify regarding the § 922(g)(1) firearm charge after observing the testimony of another government agent (Agent Gladwin) on that issue. At the outset of the trial, the court granted the Government's unopposed request to have both Costen and Gladwin remain in the courtroom for trial, based on the Government's assertion that only Gladwin would testify. Gladwin testified on direct examination that, during an interview of Etienne by Costen and Gladwin in Etienne's residence contemporaneous with a search thereof, Gladwin confronted Etienne with information that agents had found a gun in the residence. According to Gladwin, Etienne responded by saying "he forgot to tell us that it was there," and that the gun "was [his roommate] LeVaughn Walker's grandfather's gun and that it had been given to LeVaughn Walker." J.A. 464. Gladwin also testified that Etienne

- 2 -

took some breaks from the interview to make telephone calls, and that Gladwin overheard Etienne's side of one such conversation with Walker's mother, Celestine Green. Gladwin testified that "[w]hen [Etienne] got on the phone, within like the first ten seconds, I remember [him] saying, 'They found the gun.'" Id. at 463. When challenged to do so on cross-examination, however, Gladwin could not specify whether Etienne had said agents found "the" gun or "a" gun. Id. at 494. Over Etienne's objection, the Government then was permitted to call Costen to the stand. The sole purpose of the Government's examination of Costen was to establish that Etienne had told Green during their telephone conversation that agents found "the" gun. J.A. 507. The defense did not cross-examine Costen, and the Government rested its case. Thereafter, the defense unsuccessfully moved to strike Costen's testimony for failure to sequester her.

Ordinarily, when Federal Rule of Evidence 615 (relating to sequestration of witnesses) is invoked, the Government "may be permitted to have only one case agent in the courtroom during trial." United States v. Kosko, 870 F.2d 162, 164 (4th Cir. 1989) (citing United States v. Farnham, 791 F.2d 331, 335 (4th Cir. 1986)). "[T]he sequestration of witnesses effectively discourages and exposes fabrication, inaccuracy, and collusion," and "[s]crupulous adherence to [Rule 615] is particularly necessary in those cases in which the outcome depends on the relative

- 3 -

credibility of the parties' witnesses."  Farnham, 791 F.2d at 335.

In Farnham,

> we were willing to, in effect, presume prejudice where the district court clearly violated the rule by allowing both testifying government agents to remain in court during each other's testimony and where it would be impossible for the defendant to prove that the second agent's testimony would have been different if he had not heard the first agent's testimony.

United States v. Harris, 39 F.3d 1262, 1268 (4th Cir. 1994) (citing Farnham, 791 F.2d at 335).  Nevertheless, we recognized in Harris that violations of Rule 615 are subject to the harmless error rule and, thus, that an error in nonsequestration does not warrant per se reversal if the circumstances of a particular case illustrate clearly that the witness's testimony had no substantial influence on the verdict.  Id.

Even accepting that a violation of Rule 615 occurred here (an issue that the Government disputes on the premise that the trial court properly exercised its discretion), we conclude under the circumstances presented that the district court's decision to permit Costen to testify was harmless error.  That is, Etienne's conviction under § 922(g)(1) is supported by other substantial evidence.  See Fed. R. Crim. P. 52(a); United States v. Ince, 21 F.3d 576, 583 (4th Cir. 1994).  For instance, Gladwin testified that, when confronted during the interview with information about the gun, Etienne indicated that he knew but forgot to tell agents about the gun's presence in his residence.  Furthermore, the gun

- 4 -

was found in a dresser along with business and banking documents bearing Etienne's and Walker's names, and Etienne's driver's license and a yellow bracelet bearing his name were found nearby in a cigar box.

Next, Etienne asserts that the district court erred in refusing to give his proposed jury instruction. We review the decision to give, or not to give, a jury instruction and the content of that instruction for an abuse of discretion. United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995). The district court's refusal to grant a requested jury instruction is reversible error only if the proffered instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) (internal quotation marks omitted). Etienne has not met the above requirements for reversible error, in that his requested jury instruction was substantially covered by the court's charge to the jury. Accordingly, we find that the district court did not abuse its discretion in refusing Etienne's requested instruction.

For the reasons stated herein, we affirm Etienne's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED