## Richmond

# Linda Jones Lemke v. Commonwealth of Virginia

March 3, 1978.

Record No. 770797.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*David D. Walker; Jonathan M. Apgar* for plaintiff in error.

*James E. Kulp, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the Court.

Linda Jones Lemke, convicted in the General District Court of the City of Roanoke on January 27, 1977, of the misdemeanor of keeping a bawdy place in violation of Code § 18.2-347, noted an appeal on the same day to the trial court. She signed an appeal form which contained numerous paragraphs, one of which comprised this statement:

> "If I desire an attorney to represent me, I will employ him promptly and show him this notice. I understand that my failure to employ an attorney until just before the trial date is not grounds for a continuance . . . ."

On the date set for trial, Monday, February 14, 1977, Lemke moved for a continuance on the ground that her attorney, whom she identified, could not be present. The trial court communicated by telephone with the attorney, who stated that during the preceding week he had talked to Lemke and at least one other person, but they had not decided whether to employ him at that time, and that on Saturday, two days before the trial date, they had called and requested him to represent her, but he had advised that he could not do so because of prior commitments. The attorney further stated that he had not been employed and had not been paid a fee. The trial court thereupon denied Lemke's motion for a continuance, forthwith tried the case without a jury on a plea of not guilty, convicted Lemke, who was not represented by counsel, and sentenced her to serve six months in jail.

In this appeal, the question is whether the trial court committed reversible error in denying Lemke a continuance and trying her when she was not represented by counsel.

█ Conceding that the grant or refusal of a continuance is ordinarily a matter within the sound discretion of the court, *Lacks* v. *Commonwealth*, 182 Va. 318, 28 S.E.2d 713 (1944), Lemke nevertheless says that the trial court in this instance abused its discretion in denying her a continuance because the record shows that she was prejudiced by the absence of counsel. The Commonwealth argues that Lemke, having been dilatory in employing an attorney after having been warned of the consequences, may not now claim that she was prejudiced by her own failure to act.

The Commonwealth relies upon *Ungar* v. *Sarafite*, 376 U.S. 575 (1964), where a show cause order for contempt was issued on a Thursday for the defendant to appear at a hearing on the following Tuesday. The defendant appeared at the hearing with an attorney and moved for a continuance because the attorney, employed on Saturday, was unfamiliar with the case. The motion was denied, the attorney withdrew, and the hearing was conducted without the defendant being represented by an attorney. The Supreme Court, upholding the ruling, held that five days was not a constitutionally inadequate time to employ counsel and prepare a defense, that the motion for a continuance was not made until the day of trial, and that the defendant was familiar with the court's practice of not granting continuances. But the facts in *Ungar* are different from the facts in the present case. In *Ungar*, the defendant was an experienced lawyer, the contempt charge was based upon one statement which he made as a witness in a trial just concluded, two short continuances were granted to enable an attorney to appear, and the witnesses and the evidence were readily available.

Lemke further contends that the action of the trial court violated the constitutional principle enunciated in *Argersinger* v. *Hamlin*, 407 U.S. 25 (1972), that, absent a knowing and intelligent waiver, no person may be imprisoned for any offense unless he was represented at trial by an attorney. The Commonwealth insists that Lemke made a knowing and intelligent waiver.

The Commonwealth has cited numerous cases which hold that the right to counsel is permissive and may be waived. Thus, in

*Watkins* v. *Commonwealth*, 174 Va. 518, 523, 6 S.E.2d 670, 672 (1940), we reaffirmed the principle that if one accused of crime is able to employ counsel, but declines to do so, and is convicted without being represented by counsel, his conviction will not be reversed on that ground. But the financial ability to employ counsel was the controlling factor in the cases relied upon by the Commonwealth where the defendants were not represented by counsel but their convictions were upheld, the courts treating failure by one who is financially able to do so to employ counsel within a reasonable time as a waiver of the right to counsel. *See United States* v. *Rodriguez Vallejo*, 496 F.2d 960 (1st Cir. 1974); *United States* v. *Casey*, 480 F.2d 151 (5th Cir.), *cert. denied*, 414 U.S. 1045 (1973); *United States* v. *Terry*, 449 F.2d 727 (5th Cir. 1971). The soundness of these principles cannot be controverted, but their application must be subject to the procedural safeguards which have been established by the General Assembly to guide the trial courts in determining whether a valid waiver of the right to counsel has been made.

The record does not show that the trial court followed the procedures mandated by Code §§ 19.2-157, *et seq.*,[1] to determine whether the defendant wished to waive her right to counsel. No waiver was signed by Lemke in the form prescribed by Code § 19.2-160. The trial court merely determined that the attorney whom Lemke sought to employ had not been employed and was not available. No effort was made to ascertain whether Lemke was entitled, because of indigence, to have counsel appointed, and whether she wished to have the benefit of the services of a court-appointed attorney.

The burden was on the Commonwealth to prove the essentials of a waiver of the right to counsel by clear, precise, and unequivocal evidence. *White* v. *Commonwealth*, 214 Va. 559,

[1] Code § 19.2-157 provides that where a person charged with a criminal offense the penalty for which may be death or confinement in the penitentiary or jail appears in court without counsel, he shall be allowed a reasonable opportunity to employ counsel of his choice or to execute the statement of indigence provided for in § 19.2-159.
Code § 19.2-160 provides that where the charge against the accused is a misdemeanor the penalty for which may be confinement in jail, and the accused is not represented by counsel, the court shall ascertain by oral examination whether the accused desires to waive his right to counsel. If the court ascertains that a waiver is voluntary and intelligently made, a waiver form is prescribed for the accused to sign.

560, 203 S.E.2d 443, 444 (1974). We hold that the evidence in the record before us falls short of establishing a waiver by Lemke. All that the Commonwealth has proved is that Lemke signed the appeal form and that she appeared on the trial date without an attorney. But her actions in twice approaching the attorney of her choice were not actions characteristic of a person who did not wish to be represented at trial.

Trial courts are fully justified in taking stern measures to eliminate the frustrations of unnecessary or intentional delays caused by defendants in criminal appeals from the General District Courts. Such defendants must not be permitted to trifle with the courts or impede the administration of justice. Nevertheless, the fact that Lemke had other retained counsel representing her at trial in the General District Court did not necessarily prove that she was ineligible to receive the benefit of court-appointed counsel on appeal to the trial court. Indeed, in the present appeal she is being represented by the Public Defender.

Nor does the evidence establish that Lemke acted in bad faith in appearing for trial without an attorney and moving for a continuance. Although the representations made to the court by the attorney whom she sought to employ were not entirely consistent with Lemke's own statements, they showed that she had made an effort during the week before trial to obtain the services of counsel. It thus appears that she wished to be represented by an attorney. In signing the appeal form, Lemke did not guarantee that she would either appear with counsel or waive her right to counsel; she merely accepted the risk of having a continuance denied if she employed an attorney "just before the trial date." The evidence is that she tried but did not employ an attorney at all. The language of the appeal form is not sufficient to estop Lemke from denying that she intended to waive her right to counsel.

From the record before us, we cannot say that Lemke made a knowing and intelligent waiver of the right to counsel. We hold, therefore, that the trial court abused its discretion in trying the appellant when she was not represented by an attorney, convicting her, and sentencing her to serve six months in jail.

Accordingly, the judgment of the trial court will be reversed and the case remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*