### Richmond

Victor H. Van Sant

v.

Commonwealth of Virginia

October 15, 1982.

Record No. 811746.

Present: Carrico, C.J., Cochran, Poff, Compton, and Thompson, JJ., and Harrison, Retired Justice.

*Irving Starr (Edward E. Wright [D.C.],* on brief), for appellant.
*Jacqueline G. Epps, Senior Assistant Attorney General (Gerald
L. Baliles, Attorney General,* on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

In a jury trial in which he represented himself, Victor H. Van
Sant was found guilty of obstructing justice and of assault and
battery. The jury fixed his punishment at confinement in jail for
six months and nine months, respectively, and payment of speci-
fied fines. The trial court conditionally suspended the fines and
confinement for the nine-month term, but sentenced Van Sant to
serve the term of six months imposed by the jury on the charge of
obstructing justice. We granted Van Sant an appeal limited to the
question whether the trial court committed reversible error in per-
mitting him to represent himself at trial.

Van Sant was initially tried in the general district court on
three related charges — drunk in public, obstructing justice (re-
sisting arrest), and assault and battery. Represented by retained
counsel, he was found not guilty on the charge of being drunk in
public, but guilty on the other two charges, and he was sentenced
on January 9, 1981, to confinement in jail for 90 days, 85 days of
which were suspended, and payment of a fine. His appeal was
noted the same day; the record contains a form dated January 9
and signed by Van Sant showing that trial of his appeal in the
circuit court was set for April 28.

On April 17, Van Sant filed a motion in the trial court for a 60-
day continuance on the ground that he had been "unable to find
counsel." In his motion, Van Sant stated that on February 17,
Judge Brown consented to his request for appointment of an attor-
ney and directed him to confer with four attorneys about defend-
ing him. In his April 17 motion Van Sant sought permission to
represent himself at the hearing on his motion.

Judge Russell conducted the hearing on April 24. There was no
affidavit or finding of indigence in the record, and no appointment
of counsel, but Van Sant asserted that he was found by Judge

Brown to be indigent and "financially unable" to obtain counsel. Upon inquiry by Judge Russell, Van Sant acknowledged that he had made an agreement with his retained attorney to represent him throughout the case and had paid him $1,000 on account of his fee. Van Sant explained that he was unable to communicate with the attorney and was dissatisfied with him because the attorney was no longer interested in the case. Van Sant said he had consulted at least six other lawyers to determine what they would charge to defend him, as Judge Brown had directed, but he found "extreme reluctance" on the part of those lawyers to represent him. He then stated to the Court:

I feel adequately capable of representing myself in this case. I will define [sic] myself. . . . I feel I am just as competent as any counsel in this room. . . . I have carried myself to the Fourth Circuit Court and I was *pro se*. This was a civil action, so I feel I can handle my one [sic] case in my defense.

Judge Russell asked Van Sant if he wanted the court to appoint an attorney for him; Van Sant replied that he did not if he could have a 60-day continuance and "continue *pro se* at this time." Expressing concern about Van Sant representing himself when incarceration again might be imposed, the judge asked Van Sant whether he had discharged his attorney. Van Sant replied that he had not done so in writing, but maintained that he had in fact discharged the attorney because "he didn't care about me." At the judge's request, he identified the attorney. Denying the motion for a continuance, the judge directed Van Sant to have his attorney continue to represent him. Van Sant stated, "Mr. Robins [the attorney] is dismissed by me. I will represent myself in the jury trial."

The trial order entered in each case on May 11, referring to proceedings on April 28, relates "the Court made inquiry and the Defendant personally stated to the Court that he was ready to go forward with his case." The record shows that Van Sant did go forward, making an opening statement, cross-examining the witnesses for the Commonwealth, examining witnesses on his behalf, and making a closing argument.

After his conviction, Van Sant employed new counsel who filed a motion to set aside the verdict and grant a new trial. Filed with the motion was an affidavit of Van Sant constituting an *ex parte*

narrative statement of the untranscribed proceedings on February 17 before Judge Brown. According to Van Sant, he explained to the judge at that hearing that his annual salary was then $23,000 but his income for 1980 was only approximately $5,500 because he had undergone heart surgery; and that he had discharged his retained counsel, who had appeared with him. Van Sant's affidavit stated that Judge Brown then directed him to obtain estimates of fees from other lawyers. Van Sant further claimed that on this date, Judge Brown set his case for trial on April 28. The trial court, after a hearing, denied the motion to set aside the verdict. Van Sant's retained counsel perfected his appeal and represented him before us.

The applicable legal principles are clear. Under *Argersinger* v. *Hamlin,* 407 U.S. 25, 37 (1972), absent a knowing and intelligent waiver no person may be imprisoned for any offense unless he is represented by counsel at trial. The burden is on the Commonwealth to prove waiver of the right to counsel by clear, precise, and unequivocal evidence. *Lemke* v. *Commonwealth,* 218 Va. 870, 873, 241 S.E.2d 789, 791 (1978). Nevertheless, just as an accused has a constitutional right to be represented by counsel at trial for an offense for which imprisonment may be imposed, he has a right not to be represented by counsel if he so desires. *Faretta* v. *California,* 422 U.S. 806, 807, 815 (1975).

Van Sant argues that the record fails to show that he knowingly and intelligently waived his right to counsel. He says that his Sixth Amendment rights were violated because the record shows the trial court failed to comply with the statutory provisions required to establish a valid waiver.

Code § 19.2-157 provides that where a person charged with a criminal offense the penalty for which may be death or confinement in the penitentiary or in jail appears in court without counsel, the court shall advise him of his right to counsel. The court shall also allow him a reasonable opportunity to employ counsel of his choice or, where appropriate, to execute the statement of indigence provided for in § 19.2-159.

Code § 19.2-159 provides that if the person accused in a felony case claims that he is indigent the court must ascertain, by oral examination and other evidence, whether the accused is in fact indigent under the law. Upon determining that he is indigent, the court shall require him to execute in prescribed form a sworn statement of indigence before counsel is appointed.

Code § 19.2-160 provides that in misdemeanor cases where the punishment of confinement in jail may be imposed the court shall determine by oral examination whether the accused desires to waive his right to counsel. Upon ascertaining that the "waiver is voluntary and intelligently made," the court shall provide the accused with a waiver form in prescribed language to be executed by him. "In the absence of a waiver of counsel by the accused, and if he shall claim that he is indigent," the court shall follow the procedure provided in § 19.2-159.

Code § 19.2-162 requires courts to "afford such continuances and take such other action as is necessary to comply with the provisions of this chapter."

Code §§ 19.2-157, -159, and -160, provide procedural guidelines which are not jurisdictional requirements. Compliance with the provisions of § 19.2-160, for example, may establish a prima facie case of waiver; non-compliance may make more difficult the Commonwealth's burden of proving waiver.

Thus, in *Lemke,* where we held the record failed to show a waiver of counsel, non-compliance with § 19.2-160 was a factor, but not the determining factor, in the decision. The determination that constitutional rights were denied was based upon consideration of the entire record. Other evidence that was considered, for example, included testimony indicating that Lemke had tried unsuccessfully to obtain an attorney during the week prior to trial. 218 Va. at 874, 241 S.E.2d at 792. *See also Arey* v. *Peyton,* 209 Va. 370, 164 S.E.2d 691 (1968). Indeed, the basis for Lemke's motion for a continuance on the date of trial was that the attorney she wished to represent her could not be present. In this case, by contrast, Van Sant neither expressly nor by implication raised the counsel issue on the day of trial but instead stated that he was ready to go forward with the case. Moreover, Van Sant told the trial judge at the hearing four days before trial that he had discharged his retained counsel, and although he had earlier unsuccessfully sought other counsel, he said that he did not desire court-appointed counsel.

■ The record fails to show that the trial court complied with the provisions of Code § 19.2-157 requiring that Van Sant be advised of his right to counsel. Such compliance was unnecessary, however, because Van Sant was aware of his right to counsel. He had employed counsel of his choice to represent him in the general district court; he dismissed his retained attorney and moved for

permission to proceed *pro se.* The record shows that Van Sant also knew that upon proof of indigence he was entitled to have court-appointed counsel defend him. When asked by the trial judge at the April 24 hearing whether he wished to have counsel appointed he replied that he did not. Although Van Sant's request to proceed *pro se* arguably was at first contingent upon the granting of a continuance, the record is clear that *after* the court denied the motion for a continuance Van Sant nevertheless rejected the advice of the court that he have his former counsel defend him and again insisted that he would proceed *pro se.*

■ The Commonwealth concedes there was no compliance with the requirement of § 19.2-160 that Van Sant execute the prescribed form waiving his right to counsel. In this respect, the trial court erred. Nevertheless, the court conducted the oral examination required by § 19.2-160 and determined that Van Sant had made an intelligent and voluntary waiver. Indeed, the statement of Van Sant that he had dismissed his attorney and would represent himself in the jury trial was a clear and unequivocal announcement of his intent and desire. The trial court could properly conclude from Van Sant's responses to the court's pre-trial inquiries on April 24 and on April 28 that Van Sant was prepared and determined to represent himself. Accordingly, we hold that the court's error in failing to have Van Sant execute the waiver form was harmless beyond a reasonable doubt. *See Chapman* v. *California,* 386 U.S. 18, 22 (1967).

■ There is no merit in Van Sant's contention that the court erred in denying his motion for a continuance. Such a motion lies within the discretion of the trial court and we will not reverse the decision of that court unless the record affirmatively shows an abuse of discretion. *Shifflett* v. *Commonwealth,* 218 Va. 25, 30, 235 S.E.2d 316, 319 (1977).

Van Sant was arrested on October 1, 1980, and charged with three offenses. He was tried in general district court on December 17, 1980, and found guilty of two of the offenses. He was familiar with the evidence against him. He appeared before Judge Brown on February 17 and became aware then, if he did not already know, that his case would be tried in circuit court on April 28. He appeared before Judge Russell on April 24 moving for a continuance on the ground that he needed more time to prepare his defense, but he gave no specific reasons why, more than six months after his arrest, additional time might enable him to proceed *pro*

*se* more effectively. We cannot say from the record that the court abused its discretion in denying the motion.

Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*