**Victor Howard VAN SANT, Petitioner,**

v.

**James GONDLES, Sheriff of Arlington County, Respondent,**

**and**

**The Attorney General of the Commonwealth of Virginia, Additional Respondent.**

**Civ. A. No. 82–1142–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Feb. 1, 1983.

Irving Starr, Arlington, Va., for petitioner.

William S. Fields, Asst. Com. Atty., Arlington, Va., for respondent Gondles.

Jacqueline G. Epps, Senior Asst. Atty. Gen., Richmond, Va., for respondent Atty. Gen.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter comes before the court on petitioner's application under 28 U.S.C. § 2254 for a writ of habeas corpus. *See* Rules Governing Section 2254 Cases in United States District Courts, Rule 2. Respondents have answered, as required under Rule 5. The matter is now ripe for this court's determination. *See* Rule 8(a). The court finds that an evidentiary hearing is not required, and for reasons stated below, concludes that the petition is meritorious. Accordingly, petitioner's application for a writ of habeas corpus is granted.

## I. FACTUAL BACKGROUND

The events surrounding this case began October 1, 1980, when a police officer visited petitioner's home in response to a vandalism incident allegedly involving petitioner's son. The officer involved had not previously known or heard of petitioner or his family. Petitioner's wife invited the police officer into their home, but petitioner intervened and ordered the officer to leave. Petitioner allegedly threatened the officer with a knife and a shotgun. When the officer departed, the petitioner allegedly followed the departing officer into the yard. The officer testified that the petitioner was yelling, and that the petitioner continued to yell curses and threats even after the officer had entered his vehicle and begun backing down the driveway. The officer concluded that petitioner represented a threat to public peace. The officer radioed for assistance and got out of his vehicle to arrest petitioner.

The officer attempted to inform petitioner he was under arrest for being drunk in public. A scuffle ensued, in which the officer was apparently burned on his neck by petitioner's lit cigar. The officer found it necessary to strike petitioner on the head with his nightstick to subdue the petitioner. After petitioner was subdued, he was arrested and charged with being drunk in public, obstructing justice, and assault and battery.

On December 17, 1980, petitioner appeared with retained counsel for trial in the General District Court for the County of Arlington, Virginia. Petitioner was found not guilty of the drunk in public charge, but guilty of obstructing justice and assault and battery. On January 9, 1981, petitioner was sentenced to 90 days in jail, with 85 days suspended. Petitioner noted his appeal. His appeal was set for April 28, 1981.

Following petitioner's trial in General District Court, petitioner became dissatisfied with the attorney who represented him in General District Court. On February 17, 1981, the petitioner appeared before Judge Brown to ask the court for appointment of counsel on the grounds of indigency. Judge Brown apparently did not have petitioner supply an affidavit of indigency, but asked petitioner a series of questions about his financial condition. Judge Brown ordered petitioner to locate four Arlington County attorneys and submit to the Judge the attorneys' stated fees.

Petitioner followed Judge Brown's instructions and consulted with various Arlington County Attorneys. On April 17, 1981 petitioner filed a motion for a 60-day continuance on the grounds that he had been unable to find counsel he felt he could afford, that he desired to represent himself, and that he was unprepared to present his defense.

On April 24, 1981, Judge Russell heard petitioner's motion for a continuance. Judge Russell observed there was no affidavit of indigence in the record, but petitioner continued to assert his indigence. Petitioner acknowledged that he had previously retained an attorney to represent him throughout the case and that he had paid the attorney $1000. Petitioner explained that he was unable to communicate with his attorney, and that he was dissatisfied with his attorney's services. He then told the court that he felt "adequately capable of representing [him]self in this case ... I feel I am just as competent as any counsel in this room..." The petitioner also stated that he had represented himself before the

Fourth Circuit in a civil case, and that he felt competent to handle this criminal case. He added that he did not want a court-appointed lawyer. On inquiry from the judge, petitioner stated that he had not formally discharged his attorney.

Judge Russell ignored both petitioner's expressions of dissatisfaction with the retained counsel (a dissatisfaction actively manifest since at least February 17th), and petitioner's expressions of desire to represent himself. Instead, Judge Russell denied the petitioner's motion for a continuance, and directed the petitioner to contact his retained attorney and have that attorney appear at trial. Judge Russell made no attempt to discover whether petitioner had good cause for dissatisfaction with his attorney, or even to determine the attorney's level of preparedness.

On April 28, 1981, petitioner appeared without counsel before Judge Russell for trial in the Circuit Court for the County of Arlington. The Judge did not ask whether petitioner had communicated the court's order to his attorney. The Judge apparently did not even ask where petitioner's attorney was. Judge Russell made no attempt to determine whether petitioner was prepared to represent himself, or, indeed, whether petitioner really wanted to represent himself. The Judge simply asked if petitioner was ready to proceed, to which the petitioner replied "as ready as I'll ever be with three days preparation."

The jury convicted petitioner of both charges, and sentenced petitioner to nine months for assault and battery and 6 months for resisting arrest, and to payment of fines. On June 26, 1981, Judge Russell imposed the jury's sentence for resisting arrest, but suspended the sentence for assault and battery.

Petitioner employed new counsel and filed a motion to set aside the verdict and grant a new trial. The trial judge denied the motion. Petitioner's newly retained counsel appealed his conviction to the Supreme Court of Virginia. On October 15, 1982, the Supreme Court of Virginia affirmed his conviction, 224 Va. 269, 295

S.E.2d 883, and on December 3, 1982, denied his motion for rehearing. Petitioner was ordered to begin serving his sentence at the Arlington County Detention Center on December 13, 1982.

On December 9, 1982, petitioner brought the present application for a writ of habeas corpus. Petitioner also moved for a stay of execution of the state court criminal judgment under 28 U.S.C. § 2251. On December 10, 1982, this court denied petitioner's motion for a stay. On December 13, 1981, Judge Murnaghan of the United States Court of Appeals for the Fourth Circuit affirmed the court's ruling. However, on January 7, 1983, a panel of three Fourth Circuit judge's granted petitioner's motion staying further incarceration and continuing bail pending resolution of petitioner's application for a writ of habeas corpus.

## II. LEGAL ANALYSIS

Petitioner's principal claim before this court relates to his ability to mount an adequate criminal defense in the April 28, 1981 trial in the Arlington County Circuit Court. The Sixth Amendment, as applied to the states by the Fourteenth Amendment, guarantees a defendant in a state criminal proceeding the right to assistance of counsel before he can be validly convicted and punished with imprisonment. *See Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). However, the state may not compel a defendant to accept a lawyer he does not want. *Faretta v. California*, 422 U.S. 806, 833, 95 S.Ct. 2525, 2540, 45 L.Ed.2d 562 (1975). A criminal defendant has the affirmative right to represent himself at trial; but the decision to proceed *pro se* must be knowingly and intelligently made. *Id.* at 836, 95 S.Ct. at 2541.

When petitioner appeared before Judge Russell on April 24th, 1981, to ask for a continuance and to ask permission to proceed *pro se*, he was effectively asserting his undoubted constitutional right to represent himself in his own defense. But Judge Russell, possibly sensing misconduct on petitioner's lawyer's part, refused to permit the lawyer's dismissal. While Judge Russell's concern for the lawyer's conduct appears well-founded, his actions do not seem to have been calculated to either remedy the lawyer's apparent lack of industry nor protect petitioner's ability to mount his own defense.

Without specifically ordering the lawyer to appear before the court, the court could not assess petitioner's claims of dissatisfaction or even the lawyer's level of preparedness. But, more to the point, Judge Russell simply refused to acknowledge petitioner's repeated requests to represent himself. Judge Russell's attempt to force petitioner to accept representation of a lawyer he did not want is directly contrary to *Faretta*.

Finally, when petitioner appeared before Judge Russell four days later for trial, it was as if the April 24th hearing never took place. It does not appear in the record whether Judge Russell ever inquired where petitioner's lawyer was, or even whether petitioner had communicated to the lawyer the Judge's command to appear on April 28th. It appears as if the Judge had been prepared all along to accept petitioner's *pro se* defense.

But such self-representation is proper only if the waiver of the right to counsel is knowingly and intelligently made. In determining whether the waiver of the right to counsel is knowingly and intelligently made, the court should entertain every reasonable presumption against waiver. *See U.S. v. Johnson*, 659 F.2d 415, 416 (4th Cir.1981). While it is incumbent upon the trial court to determine if the waiver is knowing and intelligent, no particular form of interrogation is required. *See U.S. v. King*, 582 F.2d 888, 890 (4th Cir.1978). But the court must at least make the defendant aware of the dangers and disadvantages of self-representation so that the defendant "knows what he is doing" and "his choice is made with his eyes open." *Faretta v. California, supra*, 422 U.S. at 806, 95 S.Ct. at 2525.

The petitioner's statements to Judge Russell on April 24th convey not only the petitioner's desire to represent himself, but also suggest that the desire arose out of a unhappiness with his retained counsel's services and a hope of avoiding further counsel fees. That is, the press of circumstance, rather than mere free choice, appears to have been a factor in petitioner's waiver.

Further, petitioner seems to have had a rather inflated opinion of his abilities to mount his own defense. Judge Russell made no attempt to investigate those abilities, or to advise petitioner of possible hazards and disadvantages of proceeding without counsel, of which petitioner was probably unaware. The Code of Virginia, Section 19.2–160, provides that in misdemeanor cases in which imprisonment is possible, "the court shall ascertain by oral examination of the accused whether or not the accused desires to waive his right to counsel", and provides that the accused sign a form indicating his waiver. Judge Russell did not have petitioner sign such a form. While the absence of such a form alone does not preclude a finding of informed waiver, other factors also militate against such a finding.

▮▮ Neither on April 24th or April 28th did the learned trial judge attempt to determine whether petitioner's choice to proceed *pro se* was an informed choice. Before a court may accept a criminal defendant's waiver of the right to counsel

> the court must assure itself that the defendant knows the charges against him, the possible punishment and the manner in which an attorney can be of assistance. The defendant must be made aware that he will be on his own in a complex area where experience and professional training are greatly to be desired.

*U.S. v. King*, supra (citations omitted). Thus, the court must take an advisory role to aid the accused in his determination whether self-representation is in his own best interests. But the record here is devoid of any effort to assure that petitioner's waiver of the right to counsel was "made with his eyes open", or, indeed, whether it was even voluntarily made.

Furthermore, Judge Russell knew that on the day of trial that petitioner's desire to represent himself was conditioned on the availability of additional time to prepare his defense. The court denied petitioner's continuance on April 24th on the assumption that petitioner would be tried with the assistance of retained counsel. But when petitioner appeared for trial without retained counsel, the court proceeded as if petitioner's preparedness had never been put in issue.

▮▮ Undoubtedly, courts have the right to control their docket and require that cases proceed in an orderly and timely fashion, and to that end may deny motions for continuances. *See United States v. Inman,* 483 F.2d 738, 740 (4th Cir.1973); *Sykes v. Commonwealth of Virginia,* 364 F.2d 314, 316 (4th Cir.1966). But "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964). And denial of a continuance necessary to permit adequate assistance of counsel is an abuse of discretion amounting to a deprivation of a fair trial. *See United States v. Evans,* 569 F.2d 209, 211–212 (4th Cir.1978), *cert. denied* 435 U.S. 975, 98 S.Ct. 1624, 56 L.Ed.2d 69 (1978). If myopic insistence on expeditiousness can render the right to counsel an empty formality, denial of a continuance in the face of a justifiable request from a *pro se* criminal defendant renders an accused's right of self-representation a hollow sham.

The chain of events in this case shows that petitioner had effectively abandoned his retained counsel as of February 17th. During the period February 17 to April 17, he was not preparing for trial, but attempting to obtain replacement counsel pursuant to Judge Brown's instructions. At some point prior to April 17, petitioner decided to waive his right to counsel. He came before the court to ask for more time to make his

own defense, to prepare and serve subpoenas and to prepare jury instructions. The only information concerning petitioner's preparedness before Judge Russell was petitioner's statements of his lack of vital trial preparation. The court made no further inquiry, but simply forced the accused to proceed.

Based upon the foregoing, the court finds that the combined record of the learned trial judge's actions on April 24th and 28th, 1981, shows an absence of scrupulous regard for the protections of a fair trial guaranteed by the Sixth and Fourteenth amendment. Judge Russell's failure to advise petitioner of the hazards of a *pro se* defense, or to inquire whether petitioner's choice to proceed *pro se* was an informed choice, or, indeed, even to acknowledge petitioner's desire to waive counsel, taken together with the Judge's effort to force petitioner to proceed with counsel he did not want, deprived petitioner of the Sixth amendment guarantees enunciated in *Faretta*. Further, Judge Russell's failure to allow the petitioner the requested continuance, without even an inquiry into petitioner's level of preparedness, taken in light of petitioner's representations of unpreparedness, deprived petitioner of effective self-representation. Therefore, the court concludes that petitioner's application for a writ of habeas corpus is meritorious, and, accordingly, the writ is granted.

Finally, the Attorney General for the Commonwealth of Virginia moves this court to dismiss him as a party respondent to petitioner's application for a writ of habeas corpus. Petitioner apparently named the Attorney General in his application because Rule 2(b) of the Rules Governing Section 2254 Cases in United States District Courts requires the joinder of the state Attorney General; he is in the "best position to inform the court as to who the proper party respondent is." *See* Rule 2, Advisory Committee Note. But the Attorney General is empowered to represent guards or custodians of prisoners only if the prisoner is in the custody of or subject to the future custody of the Virginia Department of Corrections. *See* Va.Code § 2.1–121. Since this petitioner is not in the custody or subject to the future custody of the Department of Corrections, the Attorney General is not an appropriate party respondent. Furthermore, the appropriate party respondent, the Sheriff of Arlington County, is before the court. Accordingly, the Attorney General is dismissed as a party to this action.

## ORDER

This matter comes before the court on petitioner's application under 28 U.S.C. § 2254 for a writ of habeas corpus. For reasons stated in the accompanying memorandum opinion, the court finds that petitioner's application is meritorious. Accordingly, the writ is GRANTED. The Sheriff of Arlington County is hereby prohibited from seizing the petitioner for purposes of execution of criminal judgment of the Circuit Court of the County of Arlington, Virginia, entered against petitioner on July 16, 1981, *sub nom. Commonwealth of Virginia v. Victor H. Van Sant,* Crim No. C–16893, C–16896 (Arlington Co.Cir.Ct. July 16, 1981). Further, the court ORDERS the release of any bail bond currently serving as security for petitioner's appearance. Finally, the Attorney General for the Commonwealth of Virginia is DISMISSED from this case.

Let the Clerk send a copy of this order and accompanying memorandum opinion to all counsel of record and to the Sheriff of the Arlington County, Virginia.