455 S.E.2d 759

**Paul Nunnally HARRIS,**

v.

**COMMONWEALTH of Virginia.**

**Record No. 0595–94–2.**

Court of Appeals of Virginia,
Richmond.

April 11, 1995.

Susan D. Hansen, Deputy Public Defender (David J. Johnson, Public Defender; Office of the Public Defender, on brief), for appellant.

Margaret Ann B. Walker, Asst. Atty. Gen. (James S. Gilmore, III, Atty. Gen., on brief), for appellee.

Present: MOON, C.J., COLEMAN, J., and COLE, Senior Judge.

MOON, Chief Judge.

Paul Harris, who at trial represented himself *pro se,* appeals from his jury trial conviction of operating a motor vehicle while under the influence of alcohol. Harris contends that his

conviction should be reversed because the record does not show that he knowingly and intelligently waived his right to counsel. We agree and reverse his conviction.

Harris is forty-two years old, college educated, and has a law degree, although he is not licensed to practice law. Before this case Harris had represented himself in court on other traffic charges.

At his trial before the general district court, Harris signed a form waiving his right to counsel. He was convicted and appealed to the Richmond Circuit Court.

In a letter to Harris, the circuit court in response to Harris's request for a continuance, told Harris that he should, on the date to which the trial was continued, "appear with counsel if you have retained counsel to represent you." The letter did not specifically mention that Harris had a "right" to be represented by counsel. The transcript of the trial shows that the trial judge knew Harris had a law degree but was not licensed to practice law. While the trial judge instructed Harris about court procedure, he never advised Harris of his right to counsel or asked Harris if he waived his right to counsel. At the close of all of the evidence, Harris offered an erroneous jury instruction which the court granted.

The Commonwealth has the burden of proving a waiver of the right to counsel by "clear, precise, and unequivocal evidence. The evidence must not leave the matter to *mere* inference or conjecture but must be certain in every particular." *Church v. Commonwealth,* 230 Va. 208, 215, 335 S.E.2d 823, 827–28 (1985).

The Commonwealth argues that Harris's Sixth Amendment argument is without merit because the Virginia Supreme Court, despite the procedural guidelines of Code §§ 19.2–159 and 19.2–160, has never required that a particular procedure or set of warnings or inquiries should be used. *See Van Sant v. Commonwealth,* 224 Va. 269, 273–74, 295 S.E.2d 883, 886 (1982) (Code §§ 19.2–159 and 19.2–160 provide procedural guidelines which are not jurisdictional requirements. Compliance with these sections may provide *prima facie* evidence of

a waiver; noncompliance may make more difficult the Commonwealth's burden of proving waiver); *see also Church,* 230 Va. at 215, 335 S.E.2d at 828; *Superintendent of the Powhatan Correctional Ctr. v. Barnes,* 221 Va. 780, 784–85, 273 S.E.2d 558, 561 (1981).

The Commonwealth contends that while the trial judge did not specifically address Harris about his waiver of counsel, the "particular facts and circumstances surrounding [this] case, including the background and experience of the accused," show that Harris knowingly and intelligently made such a waiver. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). The Commonwealth also contends that when Harris signed the waiver of counsel form in general district court and then appeared in circuit court without counsel, he was aware of his right to counsel and the trial judge knew of Harris's knowledge and, therefore, respected his right to proceed without counsel.

■ The law requires more than the court's bare assumption that the defendant was aware of his right to counsel and knew of the pitfalls of self-representation. " 'Presuming waiver from a silent record is impermissible. The record must show that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.' " *Sargent v. Commonwealth,* 5 Va.App. 143, 149, 360 S.E.2d 895, 899 (1987) (quoting *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962)). Thus, the ultimate inquiry is whether, on this record, the Commonwealth met its burden of proving that Harris voluntarily and intelligently waived his right to counsel.

■ In determining whether the waiver was made knowingly and intelligently, the following standard applies:

[T]he court should entertain every reasonable presumption *against* waiver.... [T]he court must *at least* make the defendant aware of the dangers and disadvantages of self-representation so that the defendant "knows what he is doing" and "his choice is made with his eyes open."

*Van Sant v. Gondles,* 596 F.Supp. 484, 487 (E.D.Va.1983), *aff'd,* 742 F.2d 1450 (4th Cir.1984) (emphasis added).

In *Van Sant,* the United States District Court for the Eastern District of Virginia granted Van Sant a writ of habeas corpus after his conviction was upheld by the Supreme Court of Virginia. The district court disagreed with the Supreme Court's holding that Van Sant knowingly and intelligently waived counsel or that the trial judge had adequately advised him about retaining counsel. The Court held as follows:

> [The trial judge's] failure to advise petitioner of the hazards of a pro se defense, or to inquire whether the petitioner's choice to proceed pro se was an informed choice, or, indeed, even to acknowledge petitioner's desire to waive counsel, taken together with [his] effort to force petitioner to proceed with counsel he did not want, deprived petitioner of the Sixth amendment guarantees....

596 F.Supp. at 489.

■ Harris's case is similar to Van Sant's case because Van Sant possessed a great deal of confidence in his ability to represent himself and professed his capabilities to the court. Also, the Supreme Court noted in its opinion that, based on Van Sant's representation by appointed counsel in the general district court, the record revealed Van Sant knew of his right to counsel. *See Van Sant v. Commonwealth,* 224 Va. at 275, 295 S.E.2d at 886–87. The Commonwealth equates Harris's signing of the waiver of counsel form with Van Sant being represented by counsel in that court. As in Van Sant's case, this argument in the general district court is based upon an assumption that is not permissible. *See Church,* 230 Va. at 215–16, 335 S.E.2d at 828; *Van Sant v. Gondles,* 596 F.Supp. at 487. Harris's case before the circuit court on appeal was a trial *de novo,* under different rules and procedures, including trial by jury, and required an independent inquiry by the court as to whether Harris knowingly and intelligently waived his right to counsel. *See Van Sant v. Gondles,* 596 F.Supp. at 487–88.

In Van Sant's case, there was at least some discussion at trial about the defendant's proceeding *pro se*. In this case, the record contains no evidence of any questioning by the trial judge about Harris's right to counsel or about his waiver of his right to counsel. Therefore, because the trial court failed to ascertain whether Harris knowingly and intelligently waived his Sixth Amendment right to counsel, we reverse the conviction.

Harris also challenges the granting of a jury instruction, which the Commonwealth concedes misstated the law. We do not comment upon the effect of the instruction offered by Harris because, on remand, we do not anticipate a similar instruction will again be offered by Harris.

*Reversed and remanded.*