COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia


MICHAEL HANES, s/k/a
 JAMES MICHAEL HAYNES
                                    MEMORANDUM OPINION* BY
v.          Record No. 1262-95-1    JUDGE SAM W. COLEMAN III
                                         JULY 2, 1996
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                      E. Preston Grissom, Judge

          William P. Robinson (Robinson, Banks &
          Anderson, on brief), for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     James Michael Haynes appeals his bench conviction for

possession of cocaine in violation of Code § 18.2-50.  Hanes

contends that the trial court erred by finding that probable

cause existed to arrest him and denying his motion to suppress

the cocaine recovered from his pocket, and by holding that he

knowingly and intelligently waived counsel for his preliminary

hearing.  We find no error and affirm the defendant's conviction.

                        I.  PROBABLE CAUSE

     Officers M. D. Daniel and Becky Roberson received a police

report identifying the make, year, color, and license plate of a

vehicle that was believed being used from which to make drug

sales.  Later that night, the officers saw the vehicle parked on

          * Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

a public street.  Officer Daniel observed the vehicle's occupants' heads "moving back and forth and bobbing up and down inside."  According to Officer Daniel, this movement caused him to believe that the occupants were engaged in criminal activity.

The officers exited their patrol car and approached the vehicle.

As Officer Daniel approached the vehicle, he observed an open container of Zima, an alcoholic beverage, on the console between the driver and the passenger.  The defendant was sitting in the driver's seat.  According to Officer Daniel, neither the defendant nor the passenger appeared to be old enough to possess alcohol.  Officer Daniel asked the defendant for his name, age, Social Security number, and address.  The defendant gave his name and a Social Security number, and stated that he was nineteen years old.  The defendant also volunteered to be personally searched, which revealed no weapons.  When Officer Daniel asked the defendant if the alcohol on the console belonged to him, neither the defendant nor the passenger "fessed up," according to the officer.

Officer Daniel returned to the patrol car to verify the identification information.  When the defendant and the passenger attempted to walk away from the vehicle, Officer Daniel stated, "[y]ou-all need to get back in" the car.  The police dispatch informed Officer Daniel that the Social Security number the defendant gave belonged to a woman in Alexandria.  Officer Daniel

- 2 -

returned to the vehicle and informed the defendant that he was under arrest for possession of alcohol. The officers took control of the defendant and conducted a search of his person, which resulted in the recovery of "a small baggy" of cocaine from his pants pocket. The defendant then pulled away from the officers and fled into an abandoned building.

The Fourth Amendment is not implicated when a police officer merely approaches a vehicle that is parked in a public area and asks the occupants for identification information. Carson v. Commonwealth, 12 Va. App. 497, 500, 404 S.E.2d 919, 920, aff'd en banc, 13 Va. App. 280, 410 S.E.2d 412 (1991), aff'd, 244 Va. 293, 421 S.E.2d 415 (1992); Richards v. Commonwealth, 8 Va. App. 612, 615, 383 S.E.2d 268, 270 (1989). Therefore, on the facts of this case, no fourth amendment seizure occurred until Officer Daniel instructed the defendant and his companion to remain in the car while he verified the information they gave. See Wechsler v. Commonwealth, 20 Va. App. 162, 169-70, 455 S.E.2d 744, 747 (1995).

Officers Daniel and Roberson had received a police report that the particular vehicle in which the defendant was sitting was believed to be involved in drug dealing. Officer Daniel observed the defendant and the passenger engage in furtive movements inside the vehicle. As Officer Daniel approached the vehicle, he saw an open container of alcohol on the console between the defendant and the passenger. Daniel did not believe

that either individual looked old enough to possess alcohol and neither acknowledged that the beverage was his. In response to Officer Daniel's questioning, the defendant stated that he was nineteen years old. On these facts, the officers had reason to believe that the defendant and the passenger were minors and that they illegally possessed an alcoholic beverage. Code § 4.1-305.

Therefore, the officers were justified in briefly detaining the defendant and his companion while they verified the identification information. Phillips v. Commonwealth, 17 Va. App. 27, 30, 434 S.E.2d 918, 920 (1993) (holding that where a police officer possesses reasonable and articulable suspicion "that a person is involved in criminal activity, the officer may . . . detain the person briefly for the purpose of confirming or dispelling his suspicion").

The false Social Security number the defendant gave was additional indicia of illegal activity, see Jones v. Commonwealth, 230 Va. 14, 19, 334 S.E.2d 536, 540 (1985); Wechsler, 20 Va. App. at 172, 455 S.E.2d at 748, and combined with the presence of an open container of alcohol in the vehicle, the defendant's youthful appearance, and his admission that he was nineteen, was sufficient to warrant a reasonable person in believing that an offense had been committed. The fact that the record does not show the passenger's age[1] or establish

_____

[1] The record does indicate that the passenger was also cited for illegal possession of alcohol.

conclusively that the alcohol belonged to the defendant does not render the arrest unlawful because a prima facie showing of criminal activity is not required to establish probable cause that an offense was being committed. Quigley v. Commonwealth, 14 Va. App. 28, 34, 414 S.E.2d 851, 855 (1992). Accordingly, the cocaine found in the defendant's pants pocket was recovered during a search incident to a lawful arrest. Buck v. Commonwealth, 20 Va. App. 298, 304, 456 S.E.2d 534, 537 (1995).

## II. WAIVER OF COUNSEL

The Commonwealth has the burden of proving by "clear, precise, and unequivocal evidence" that the defendant has voluntarily and intelligently waived the right to counsel. Van Sant v. Commonwealth, 224 Va. 269, 273, 295 S.E.2d 883, 885 (1982). "In the event the accused desires to waive his right to counsel, and the court ascertains that such waiver is voluntarily and intelligently made, then the court shall provide the accused with a statement to be executed by the accused to document his waiver." Code § 19.2-160. A statement of waiver that is executed in accordance with Code § 19.2-160 "may establish a prima facie case of waiver." Van Sant, 224 Va. at 274, 295 S.E.2d at 886.

Here, the defendant signed a waiver form that set forth in detail his rights to be represented by an attorney. The general district court judge signed a statement confirming that he orally advised the defendant of those rights and found that they were

knowingly, voluntarily, and intelligently waived.  The only evidence that contradicts the waiver form is the defendant's trial testimony that before executing the waiver form, he "asked if [he] could have more time to get a lawyer" and the district court judge refused and stated, "we will try it today."  However, the trial judge was able to observe the defendant's demeanor and evaluate his credibility, and he had discretion to accept the facts set forth in the waiver form over the defendant's conflicting testimony.  See Long v. Commonwealth, 8 Va. App. 194, 198-99, 379 S.E.2d 473, 476 (1989).  Because the record contains no other evidence that "contradicts the factual statements in the waivers," the evidence is sufficient to prove that the defendant voluntarily and intelligently waived his sixth amendment right to counsel for the preliminary hearing.  Edwards v. Commonwealth, 21 Va. App. 116, 126, 462 S.E.2d 566, 571 (1995).

Affirmed.