COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


BRENDA LEE FATTALEH

                                          MEMORANDUM OPINION[*] BY
v.      Record No. 1625-05-3              JUDGE WILLIAM G. PETTY
                                             AUGUST 22, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NELSON COUNTY
J. Michael Gamble, Judge

        Michael T. Hemenway for appellant.

        Josephine F. Whalen, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Brenda Lee Fattaleh appeals her conviction following a bench trial for misdemeanor

disorderly conduct, in violation of Code § 18.2-415.  Fattaleh argues that the trial court erred in

denying her the right to trial counsel and in denying her right to a trial by jury.

        For the reasons stated below, we agree with Fattaleh and reverse her conviction.

                                  I.  BACKGROUND

        Fattaleh's conviction for misdemeanor disorderly conduct arose from a physical

altercation she had with Kimberly Martin in front of the Nelson County General District Court

Clerk's Office.  Both Fattaleh and Martin were charged with disorderly conduct.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

A.  General District Court Proceeding

Prior to her trial in general district court, Fattaleh signed a waiver of counsel form, which, after explaining the right to representation and the possible consequences of the waiver, concluded:

> Understanding my rights to be represented by a lawyer as described above and further understanding the nature of the case and the potential punishment if I am found to be guilty, I waive all of my rights to be represented by a lawyer in these cases, with the further understanding that the cases will be tried without a lawyer either being hired by me or being appointed by the judge for me.  I waive these rights of my own choice, voluntarily, of my own free will, without any threats, promises, force, or coercion.

A judge of the Nelson County General District Court signed the following certification on the waiver:  "[u]pon oral examination, the undersigned judge of this Court finds that the Adult, having been advised of the rights and matters stated above and having understood these rights and matters, thereafter has knowingly, voluntarily and intelligently waived his rights to be represented by a lawyer."

B.  Circuit Court Trial

After her conviction in general district court, Fattaleh appealed her conviction to the circuit court by signing a notice of appeal that included the following instructions:

> Promptly communicate with the Clerk of the Circuit Court of this jurisdiction concerning . . . your right of representation by a lawyer if you do not have a lawyer.  If your case is scheduled for trial, you MUST be present and ready for trial at the "date and time of appearance" shown above.

The notice of appeal, dated May 11, 2005, also indicated that the case was scheduled for trial on Monday, June 6, 2005, at 9:30 a.m.  Fatteleh appeared in circuit court for the first time on that date.  Kimberly Martin, the woman with whom Fattelah fought, was present for trial as well. While the record is unclear, it appears that she also had been convicted in general district court and had appealed her conviction to the circuit court.  It also appears that the cases had been

joined for trial, although the record does not contain a motion for joinder.[1]  An attorney

represented Martin in the circuit court.

Prior to the commencement of the trial, the circuit court judge asked Fattaleh how she

pled.  The following conversation took place:

> MS. FATTALEH:  Not guilty, Your Honor.
>
> THE COURT:  Do you waive – do you give up your right to a jury?
>
> MS. FATTALEH:  You know, I've retained Lloyd Snook . . . . [H]e didn't tell me if should get a jury.
>
> THE COURT:  Well, I don't think you've been paying have you?  Because he's not here.
>
> MS. FATTALEH:  But today – don't I have – to proceed have a lawyer?
>
> THE COURT:  No.  Today, we're going to –
>
> MS. FATTALEH:  I have – Your Honor.  I didn't – I don't know the system, but I – I retained him this morning.  I can have him fax you his –
>
> THE COURT:  Do you need to make a phone call?

At that point, Martin's counsel advised the court that she and Mr. Snook were members

of the same firm and pointed out that he could not have taken the case due to the conflict of

interest.  However, she offered to call her office.  After doing so, she reported that Mr. Snook

had been in court since 8:30 that morning and that the office did not have a file or any record of a

---

[1] Rule 3A:10 of the Rules of Court states:

> On motion of the Commonwealth, for good cause shown, the court, in its discretion, may order persons charged with participating in contemporaneous and related acts or occurrences or in a series of acts or occurrences constituting an offense or offenses to be tried jointly unless such joint trial would constitute prejudice to a defendant.

retainer paid by Fattaleh. While acknowledging that it was possible that Mr. Snook "personally received a call or something over the weekend," she stated that there was "no evidence that he ha[d] been retained." Fattaleh then stated, "I have an appointment today. We talked on the phone on Friday."

The trial judge explained to Fattaleh, "[t]he problem is that today is the day of the trial. All of this should have been sorted out long before now." The trial court then stated:

> THE COURT: Just a minute. This case has been pending since, like, March the 16th. It was appealed on May the 11th. And there's been plenty of time to sort all this out before the day of trial. So we're going to proceed today promptly. So do you want to plead guilty or not guilty?
>
> MS. FATTALEH: Your Honor, I would just want a public defender. I have no idea –
>
> THE COURT: All right, I enter a plea of not guilty.

Fattaleh proceeded *pro se*. The circuit court found Fattaleh guilty and sentenced her to twelve months in jail with six months suspended. Martin, who was represented by trial counsel, was convicted as well and received a twelve-month sentence with all but thirty days suspended. Following an unsuccessful motion to set aside the judgment, Fattaleh filed this appeal.

## II. ANALYSIS

### A. Trial by Jury

In her brief, Fattaleh argued that the court did not afford her a jury trial nor did she properly waive her right to a jury trial. Fattaleh failed to raise the issue in her petition for appeal. Since no appeal was granted on the jury waiver issue, it is not properly before this Court. Fattaleh may not unilaterally raise it at this stage of her appeal. Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991); see also Rule 5A:12(c) ("[O]nly questions presented in the petition for appeal will be noticed by the Court of Appeals."). We

- 4 -

also note that Rule 5A:12 does not contain "good cause" or "ends of justice" exceptions. Thompson v. Commonwealth, 27 Va. App. 620, 626, 500 S.E.2d 823, 826 (1998).

Thus, the sole issue before us is whether the trial court erred by denying Fattaleh's right to trial counsel.

### B. Right to Counsel

A defendant's right to be represented by counsel is guaranteed by both the Sixth and Fourteenth Amendments to the United States Constitution and the Bill of Rights of the Virginia Constitution. Martinez v. Court of Appeal, 528 U.S. 152, 154 (2000); Fitzgerald v. Smyth, 194 Va. 681, 690, 74 S.E.2d 810, 816 (1953) ("While there is no specific provision in the Constitution of Virginia guaranteeing . . . the right to have the assistance of counsel, . . . this court recognized the right to be a fundamental one. It is, we think, one of the rights guaranteed to an accused under our Bill of Rights." (citing Va. Const. § 8) (internal citation omitted)). It is well settled that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense unless he was represented at trial by an attorney." Lemke v. Commonwealth, 218 Va. 870, 872, 241 S.E.2d 789, 791 (1978) (citing Argersinger v. Hamlin, 407 U.S. 25 (1972)).

It is equally well settled, however, that the right to counsel may be waived through a knowing, voluntary, and intelligent choice to proceed without counsel. Id. A defendant may also be found to have waived her right to counsel by her conduct. See McNair v. Commonwealth, 37 Va. App. 687, 561 S.E.2d 26 (2002); see also Samply v. Att'y Gen. of North Carolina, 786 F.2d 610 (4th Cir. 1986).

Here, in response to Fattaleh's Sixth Amendment claim, the Commonwealth contends that she either made an express, knowing, voluntary, and intelligent waiver of her right to counsel, or, in the alternative, that her dilatory conduct in failing to obtain counsel prior to the

day of her circuit court trial operated as a *de facto* waiver of her right to counsel. We discuss each of these arguments below.

## C. Waiver

This case involves the waiver of a fundamental constitutional right: the right to trial counsel. Commonwealth v. Edwards, 235 Va. 499, 505, 370 S.E.2d 296, 298 (1988) (citing Watkins v. Commonwealth, 174 Va. 518, 522, 6 S.E.2d 670, 671 (1940)). Whether Fattaleh waived her right to the assistance of counsel is "not a question of historical fact [] but one which . . . requires application of constitutional principles to the facts as found." Brewer v. Williams, 430 U.S. 387, 403 (1977). In this context, then, although we review the trial court's factual findings only for clear error, whether Fattaleh's actions and statements constituted a waiver is a "'legal determination that we review *de novo*.'" Commonwealth v. Redmond, 264 Va. 321, 327, 568 S.E.2d 695, 698 (2002) (quoting United States v. Uribe-Galindo, 990 F.2d 522, 523 (10th Cir. 1993)).

Furthermore, while we view the evidence in this case in the light most favorable to the Commonwealth, we must also "indulge every reasonable presumption against waiver of counsel." McNair, 37 Va. App. at 698, 561 S.E.2d at 32 (citing Brewer, 430 U.S. at 404).

We also note that the Commonwealth has a heavy burden in proving Fattaleh waived her right to counsel, either through an express voluntary waiver or as a *de facto* waiver. "Presuming waiver from a silent record is impermissible." Carnley v. Cochran, 369 U.S. 506, 516 (1962). Rather, the Commonwealth must prove the essentials of waiver by "clear, precise and unequivocal evidence. The evidence must not leave the matter to mere inference or conjecture but must be certain in every particular." White v. Commonwealth, 214 Va. 559, 560, 203 S.E.2d 443, 444 (1974).

## 1. Express Waiver

The Commonwealth asserts that Fattaleh expressly waived her right to counsel in the circuit court.

The Supreme Court has never required that a particular procedure or set of warnings or inquiries should be used by trial courts at either the general district or circuit level in ascertaining whether a waiver of trial counsel was voluntary and intelligent. See Harris v. Commonwealth, 20 Va. App. 194, 196, 455 S.E.2d 759, 760 (1995). Compliance with Code §§ 19.2-159 and 19.2-160 is not dispositive of the waiver issue: they are mere "procedural guidelines . . . . Compliance with these sections may provide prima facie evidence of a waiver; noncompliance may make more difficult the Commonwealth's burden of proving waiver." Id. at 197, 455 S.E.2d at 760.[2] Rather, we must examine the specific facts of this case to determine whether Fattaleh made an intelligent and voluntary waiver of her Sixth Amendment rights. North Carolina v. Butler, 441 U.S. 369, 374-75 (1979).

---

[2] Code § 19.2-160 states,

> If the charge against the accused is a crime the penalty for which may be incarceration, and the accused is not represented by counsel, the court shall ascertain by oral examination of the accused whether or not the accused desires to waive his right to counsel.
>
> In the event the accused desires to waive his right to counsel, and the court ascertains that such waiver is voluntary and intelligently made, then the court shall provide the accused with a statement to be executed by the accused to document his waiver. The statement shall be in a form designed and provided by the Supreme Court. Any executed statement herein provided for shall be filed with and become a part of the record of such proceeding.

Code § 19.2-159 describes the procedures to be used when a criminal defendant claims that he or she is indigent.

There are no specific facts in this case indicating Fattaleh desired to waive her right to counsel in the circuit court; instead, the facts indicate the opposite. At trial, Fattaleh said that she had attempted to retain counsel and requested a public defender. Without specifically addressing either request, however, the trial judge indicated that the trial would proceed that day. Thus, the record does not contain facts supporting an express waiver.

The Commonwealth also suggests that we consider the waiver of counsel Fattaleh signed at her general district court trial as evidence of a waiver in circuit court. However, our prior decision in Harris, 20 Va. App. at 194, 455 S.E.2d at 759, and the *de novo* nature of the proceedings in circuit court militate against the Commonwealth's argument.

Harris, like Fattaleh, signed a form waiving his right to counsel in the general district court, was convicted, and appealed to the circuit court. Id. at 196, 455 S.E.2d at 760. We rejected the Commonwealth's argument that the district court waiver constituted a waiver of counsel in the circuit court, holding, "Harris's case before the circuit court on appeal was a trial *de novo*, under different rules and procedures, including trial by jury, and required an *independent inquiry* by the court as to whether Harris knowingly and intelligently waived his right to counsel." Id. at 198, 455 S.E.2d at 761 (citing Van Sant v. Gondles, 596 F. Supp. 484, 487-88 (E.D. Va. 1983), aff'd, 742 F.2d 1450 (4th Cir. 1984)) (emphasis added).

Thus, Fattaleh's appeal to the circuit court was a new trial and the waiver of counsel that she signed in the general district court was no longer effective. As we have previously held, when determining whether an accused has waived his or her right to counsel upon *de novo* review in the circuit court, the circuit court must inquire as to whether the waiver is voluntary, intelligent, and knowing. Id. (citing Van Sant, 596 F. Supp. at 487-88).

We therefore hold that the Commonwealth did not meet its burden to show that Fattaleh knowingly, voluntarily, and intelligently waived her right to counsel in her circuit court trial by clear, precise, and unequivocal evidence.  See White, 214 Va. at 560, 203 S.E.2d at 444.

## 2. *De Facto* Waiver

The Commonwealth also argues Fattaleh's dilatory conduct in obtaining trial counsel operated as a *de facto* waiver of her Sixth Amendment rights.  A defendant's dilatory conduct in obtaining counsel may, in certain circumstances, be viewed as an effective *de facto* waiver of the Sixth Amendment right to counsel.  As the Fourth Circuit stated in Sampley, 786 F.2d at 613, "[A] defendant has no constitutional right to dictate the time, if ever, at which he is willing to be tried by simply showing up without counsel, or with allegedly unsatisfactory counsel, whenever his case is called for trial."  The concept of *de facto* waiver exists to protect trial courts' ability to protect themselves from endless delays and manipulations.  See United States v. Allen, 895 F.2d 1577, 1578 (10th Cir. 1990).

To determine whether a *de facto* waiver exists, we "view the defendant's conduct in its entirety, together with all the other circumstances of the case, that support the conclusion [her] conduct tended to unreasonably and unjustifiably delay trial."  Bailey v. Commonwealth, 38 Va. App. 794, 804, 568 S.E.2d 440, 445 (2002) (citing Bolden v. Commonwealth, 11 Va. App. 187, 191, 397 S.E.2d 534, 537 (1990)).  Furthermore, this Court has held:  "[I]n order to establish . . . a *de facto* waiver of counsel by conduct, the record should demonstrate adequate procedural safeguards.  Specifically, the record should reflect adherence to the statutory

- 9 -

guidelines set forth in Code § 19.2-157 . . . governing the right to counsel."[3] McNair, 37
Va. App. at 697, 561 S.E.2d at 31.

The facts of this case are similar to those of Lemke, 218 Va. at 870, 241 S.E.2d at 789.
There, Lemke appealed a misdemeanor conviction to circuit court and signed a notice of appeal
advising her that "failure to employ an attorney until just before the trial date is not grounds for a
continuance." Id. at 871, 241 S.E.2d at 790. At trial, Lemke requested a continuance because
her attorney could not be present. The trial court telephoned the attorney, who explained that
while he had spoken with Lemke, he had told her that he could not represent her due to
scheduling conflicts and that he had not been paid a fee. The trial court denied the continuance,
convicted Lemke, and sentenced her to six months in jail.

In reversing the conviction, the Supreme Court first noted that the trial court did not
follow "the procedures mandated by Code §[] 19.2-157 . . . to determine whether defendant
wished to waive her right to counsel." Id. at 873, 241 S.E.2d at 791. The Supreme Court also
noted that the trial court did not attempt "to ascertain whether Lemke was entitled, because of
indigence, to have counsel appointed, and whether she wished to have the benefit of the services
of a court-appointed attorney." Id. Therefore, the Supreme Court held, "the evidence in the
record before us falls short of establishing a waiver by Lemke. All that the Commonwealth has

---

[3] Code § 19.2-157 states:

> [W]henever a person charged with a criminal offense the penalty
> for which may be death or confinement in the state correctional
> facility or jail, including charges for revocation of suspension of
> imposition or execution of sentence or probation, appears before
> any court without being represented by counsel, the court shall
> inform him of his right to counsel. The accused shall be allowed a
> reasonable opportunity to employ counsel or, if appropriate, the
> statement of indigence . . . may be executed.

proved is that Lemke signed the appeal form and that she appeared on the trial date without an attorney." Id. at 874, 241 S.E.2d at 791.

Here, as in Lemke, the record only establishes that Fattaleh signed the appeal form and appeared on the trial date without an attorney. No other evidence of delay exists in this case. Cf. Bailey, 38 Va. App. 794, 568 S.E.2d 440 (affirming conviction when the trial court properly required defendant to proceed *pro se* after defendant embarked upon a course of action designed to delay trial, including constructively discharging three attorneys); Bolden, 11 Va. App. 187, 397 S.E.2d 534 (affirming conviction when trial court denied defendant's third motion for a continuance, having previously granted two continuances for defendant to obtain counsel and offering defendant the services of court-appointed counsel).

The Commonwealth also asserts that the trial judge made a credibility determination and implicitly determined that Fattaleh was lying for the purpose of delaying the trial. In response to Fattaleh's request for a continuance in order to obtain counsel, the trial court stated, "There's been plenty of time to [obtain counsel] before the day of trial. So we're going to proceed today promptly." However, as we explained in McNair, 37 Va. App. at 697, 561 S.E.2d at 31, the trial court should "explicitly address the basis for its conclusion that defendant . . . *de facto* waived the right to counsel." The record should also reflect "a specific recitation of how the defendant's conduct shows an unequivocal intent to relinquish or abandon his right to counsel." Id. at 698, 561 S.E.2d at 31 (citing United States v. Gallop, 838 F.2d 105, 109 (4th Cir. 1988); People v. Arguello, 772 P.2d 87, 92-93 (Colo. 1989)).

Even considering the evidence in the light most favorable to the Commonwealth and taking into account that Fattaleh's statements were somewhat inconsistent, this record does not include any facts supporting a conclusion that she was attempting to manipulate the court for the purpose of delay or that she acted in bad faith. See Lemke, 218 Va. at 874, 241 S.E.2d at 792

(determining that the record did not contain evidence of bad faith even though "the representations made to the court by the attorney whom she sought to employ were not entirely consistent with Lemke's own statements "). We conclude that the Supreme Court's decision in Lemke and our decision in McNair control the *de facto* waiver issue in this case.

## III. CONCLUSION

We hold that the Commonwealth did not meet its burden to show either an express or *de facto* waiver of trial counsel by Fattaleh. Thus, we reverse the conviction and remand for a new trial if the Commonwealth be so advised.

Reversed.