# Richmond

Martin C. White v. Commonwealth of Virginia.

March 4, 1974.

Record No. 730283.

Present, All the Justices.

John C. Lowe (F. Guthrie Gordon, III; Lowe & Gordon, on brief), for plaintiff in error.

Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General, on brief), for defendant in error.

Per Curiam.

Martin C. White, the defendant, failed to appear on the date set for his trial on a charge of reckless driving. The trial court, after an evidentiary hearing without a jury,[1] found the defendant guilty as charged and fixed his punishment at a fine of $150 and 30 days in jail.

We must determine whether the jail sentence passes muster under the Sixth Amendment in light of Argersinger v. Hamlin, 407 U.S. 25 (1972), which held ". . . that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Id. at 37.

---

[1] Defendant's bond provided that nonappearance constituted a waiver of his right to a jury trial. Code § 19.1-193.

The Commonwealth points out that the defendant was represented by employed counsel when he was tried and found guilty in the county court. He was assisted by counsel when his conviction was appealed, as a matter of right, to the circuit court under Code § 16.1-132. Retained counsel was present when the trial date was set but failed to appear at trial. The Commonwealth argues that these facts, coupled with the defendant's failure to appear for trial, are sufficient to establish a knowing and intelligent waiver by the defendant of his Sixth Amendment right to counsel as mandated by *Argersinger*.

We do not agree. Courts indulge every reasonable presumption against a waiver of fundamental constitutional rights. *Johnson* v. *Zerbst*, 304 U.S. 458, 464 (1938). The burden rests upon the party relying on a waiver to prove the essentials of such waiver by clear, precise and unequivocal evidence. The evidence must not leave the matter to mere inference or conjecture but must be certain in every particular. *Utica Mutual Ins. Co.* v. *Nat'l. Indem. Co.*, 210 Va. 769, 773, 173 S.E.2d 855, 858 (1970).

The record before us, when measured by these standards, falls short of establishing a knowing and intelligent waiver by the defendant of his right to counsel. Therefore, we reverse and remand for a new trial if the Commonwealth be so advised. .

*Reversed and remanded.*