## CIRCUIT COURT OF FAIRFAX COUNTY

Rene M. Helmes

v.

Frank S. Helmes

January 8, 1997

Case No. C143337

By Judge Leslie M. Alden

This matter came before me on December 13, 1996, on Complainant's Motion to Compel Defendant to Answer Deposition Questions. The defendant Frank Helmes ("Helmes") refused to answer several questions about alleged sexual abuse and instead asserted his Fifth Amendment privilege against self-incrimination. Complainant asserts that Helmes should be compelled to respond (1) because the statute of limitations has run in Connecticut where the acts allegedly occurred; and (2) because the privilege against self-incrimination has been waived by Helmes' filing an Answer in response to the Bill of Complaint and by answering certain Interrogatories and certain deposition questions pertaining to the allegations of sexual abuse.

As to the first issue, I find that the running of the Connecticut statute of limitations does not preclude Helmes from invoking his Fifth Amendment privilege. Even though, arguably, the statute of limitations has run, Connecticut may still prosecute Helmes; Connecticut law provides that the burden is on Helmes to raise as an affirmative defense the running of the statute of limitations. Furthermore, it is impossible to ensure that Helmes will never be subject to prosecution under a different state or federal law. Thus, requiring Helmes to answer deposition questions would indeed implicate his privilege against self-incrimination.

As to the second issue, I find that Helmes did not waive his Fifth Amendment privilege by answering the Bill of Complaint, Interrogatories, or deposition questions. The Supreme Court of Virginia has not spoken to this

precise issue.[1] Nevertheless, similar cases in other states are instructive. In *Mahne v. Mahne*, 328 A.2d 225 (N.J. 1974), the husband's complaint for divorce accused the defendant wife of adultery. Like the defendant in this case, the wife in *Mahne* answered the complaint, denying the allegations. When the husband propounded interrogatories pertaining to the adultery, the wife invoked her privilege against self-incrimination. The court held that, while it is possible to waive the privilege, merely answering the complaint's pleading was "not fairly to be viewed as having effectuated a waiver." *Id.* at 226.

Similarly, in *In re Knapp*, 536 So. 2d 1330 (Miss. 1988), a husband ("Hutchins") sued defendant Knapp for alienation of Hutchins' wife's affections and for criminal conversation. Knapp filed an answer denying the allegations and asserting defenses in law. *Id.* at 1332. Hutchins sought to depose Knapp, who then claimed his Fifth Amendment privilege against self-incrimination. Adultery is a crime in Mississippi, for which Knapp could have been subject to prosecution. Like the court in *Mahne*, the *Knapp* court held that Knapp had not "waived his privilege against self-incrimination by filing an answer in the civil action ... ." *Id.* at 1336. The court noted that Knapp did not initiate the suit; rather, "[h]e was sued [and] answered on pain of default if he failed. This was hardly a voluntary relinquishment of his privilege against self-incrimination." *Id.*

In this case, the Bill of Complaint asserts the following:

> 8. That on the evening of November 6, 1995, your Complainant learned from the Defendant's adult daughter from another marriage, Sheri Helmes, now 25 years of age, that she had been repeatedly raped and sexually abused by the Defendant starting at the age of 12.
>
> 9. Immediately upon learning of the alleged sexual abuse of his daughter from a previous marriage, your Complainant confronted the Defendant about his daughter Sheri's allegations. The Defendant began to cry, punched the refrigerator, and stated "I don't know why she's [Sheri's] doing this for a 'mistake' I made 13 years ago."

---

[1] The Supreme Court of Virginia, however, has stated that the Fifth Amendment privilege against self-incrimination may be invoked in a civil matter. The Fifth Amendment "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution, but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Husske v. Commonwealth*, 252 Va. 203, 214 (1996) (citing *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)).

10. At no time during this conversation or at any time thereafter has the Defendant denied having sexually abused his daughter from his first marriage.

The answer filed by Helmes states:

8. The Defendant is without knowledge of the allegations set forth in paragraph 8 of the Bill of Complaint ... .

9. The Defendant is without knowledge of the allegations set forth in paragraph 9 of the Bill of Complaint as to what was alleged and by whom ... .

10. The Defendant denies the allegation set forth in paragraph 10 of the Bill of Complaint ... .

I find that defendant's assertion of lack of knowledge or denial of the allegations does not constitute a waiver of the privilege. First, as the *Knapp* court observed, Helmes did not initiate these proceedings; failure to answer would have resulted in default. Furthermore, these responses, like the answers to the Bill of Complaint, go to the circumstances surrounding the wife's discovery of the alleged acts, not to actual criminal behavior by the defendant. They are therefore insufficient to waive his privilege as it applies to the crime he allegedly committed.

The complainant further argues that Helmes' Interrogatory answers served as a waiver of his Fifth Amendment privilege. Interrogatory 25(C) asked about the allegations of sexual abuse. Helmes responded: "According to Rene [the Complainant], she was informed of the abuse described. I have no way to refute that statement ... ." Interrogatory 25(D) sought the basis of Helmes' denial of paragraph 9 in the Bill of Complaint. Helmes responded: "I can't remember what I said that night. I do remember crying and not understanding why Sheri had made these allegations at this time. I was under tremendous emotional stress." Interrogatory 25(E) sought the basis of Helmes' denial of the allegations in paragraph 10 of the Complaint. Helmes responded: "At no time have I denied or confirmed the allegations." For the reasons stated above, I find that defendant's answers to those interrogatories did not rise to the level of a waiver of the privilege.

Finally, the complainant asserts that Helmes waived his privilege by answering deposition questions pertaining to the charges of sexual abuse. In fact, the deposition transcript shows Helmes' attorney invoked his client's privilege against self-incrimination for questions that specifically addressed the allegations themselves (rather than questions pertaining to the wife's discovery

of the alleged behavior). Thus, clearly there was no waiver of the privilege there.

In sum, I find that the defendant did not waive his privilege against self-incrimination by answering the Complaint and Interrogatories; nor did he waive his privilege at the deposition. Of course, this does not preclude introduction of independent evidence, created by the defendant, which would tend to incriminate him.

Complainant's Motion to Compel is therefore denied.