COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Overton
Argued at Richmond, Virginia


RAHEEM VAUTER

                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1062-96-2     JUDGE NELSON T. OVERTON
                                         JULY 29, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Robert W. Duling, Judge

            Robert N. Johnson (Robert N. Johnson, Jr.;
            Robert N. & Anne M. Johnson, Inc., on
            briefs), for appellant.

            Michael T. Judge, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Raheem Vauter appeals his conviction for possession of

cocaine with intent to distribute.  He contends that his

statement to the police should not have been admitted at trial.

We find that his statement was given voluntarily and with

knowledge of his right to remain silent, and we affirm.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, we recite only those facts necessary to the

disposition of this appeal.

     Vauter was stopped at the Richmond bus station by Detective

R. L. Armstead and was found with a plastic bag containing "tan

chunks," later determined to be cocaine.  Vauter was taken to the

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

police station and questioned by Detective Stephanie Ruffin. Detective Ruffin read and filled out a standardized form that informed Vauter of his Miranda rights and that he was being interviewed in connection with possession of cocaine.  Vauter wrote "yes" and initialed that he understood his rights.  Ruffin then read him the sentence on the bottom of the form stating that he may voluntarily waive these rights.  Vauter did not sign beneath the sentence, nor did he make any actions or statements. He did not indicate his intention to remain silent, nor did he indicate a willingness to talk to the police.  He did nothing.

Ruffin then starting filling out a general information form. One of the questions on the form asks what type of drugs was found on the accused.  Ruffin testified that she called to Detective Armstead, who was down the hall in another room, to ask what he had seized.  When she did not hear Armstead's reply, she asked Vauter what it was, and Vauter said "crack."[1]

Vauter contends that this statement was inadmissible at trial.  He argues that he had asserted his right to remain silent, and that the police should not have questioned him further about the alleged offense.  We disagree.  A clear and unambiguous assertion of the right to remain silent is necessary

---

[1]Vauter gave a slightly different rendition of this incident, but his version was specifically rejected by the judge as incredible.

before the police are compelled to cease questioning. <u>See</u>
<u>Midkiff v. Commonwealth</u>, 250 Va. 262, 266-67, 462 S.E.2d 112,
115-16 (1995). Although a suspect may indicate his desire to
remain silent "in any manner," <u>Miranda v. Arizona</u>, 384 U.S. 436,
473 (1966), "<u>Miranda</u> should not be read so strictly as to require
the police to accept as conclusive any statement, no matter how
ambiguous, as a sign that the suspect desires to cut off
questioning." <u>Lamb v. Commonwealth</u>, 217 Va. 307, 312, 227 S.E.2d
737, 741 (1976). Vauter's actions were not a clear and
unambiguous assertion of his right to remain silent. After
reading his list of rights and initialing that he understood
them, he did nothing.

Vauter argues on appeal that the fact that he did not sign
the rights waiver form constitutes an assertion of his right to
remain silent. His argument is unpersuasive. First, we note
that the standardized form used by the police is poorly drafted
and we question whether Vauter's signature on the form would
constitute a valid waiver of his <u>Miranda</u> rights. The sentence
over the signature line read in entirety, "You may voluntarily
waive or give up the above rights that have been explained to you
and make a statement if you so desire." A signature under this
sentence does not necessarily indicate that the undersigned does
waive his rights. In fact, the significance of a signature is
unclear. In the same manner, the lack of a signature has little
significance.

Secondly, assuming arguendo that Vauter intended to have his lack of a signature signify a desire to remain silent, this action does not meet the standard for a clear and unambiguous assertion. An assertion is by definition and common understanding a positive act. Vauter did not even positively refuse to sign the form: he did nothing. His inaction, his mere silence, did not invoke his right to remain silent. See Midkiff, 250 Va. at 267, 462 S.E.2d at 115 (finding that the statement "I don't got to answer that" does not indicate a clear and unambiguous desire to remain silent); see also Davis v. United States, 512 U.S. 452, 461 (1994) (holding that "Maybe I should talk to a lawyer" was not an invocation of the right to counsel); Mueller v. Commonwealth, 244 Va. 386, 396, 422 S.E.2d 380, 387 (1992) (holding that "Do you think I need an attorney here?" fell short of being a clear assertion of the right to counsel). Because Vauter did not make any clear and unambiguous assertions of his right to remain silent, the police were free to continue questioning him.[2] Thus, Detective Ruffin was not prohibited from asking Vauter questions after having informed him of his rights and having ascertained that he understood those rights. Any answer he gave subsequently may be used against him at trial.

Accordingly, we affirm the conviction.

---

[2]This is true even if, as here, the police do not wish to take a statement at that time.

4

<u>Affirmed.</u>

Benton, J., dissenting.

I would hold that the trial judge erred in admitting into evidence Raheem Vauter's answer to Detective Ruffin's question. Accordingly, I dissent.

"Absent a knowing and intelligent waiver of the Fifth Amendment right against self-incrimination and the Sixth Amendment right to the assistance of legal counsel, a confession made by a suspect during in-custody interrogation is inadmissible in evidence against him." Harrison v. Commonwealth, 244 Va. 576, 580, 423 S.E.2d 160, 162 (1992) (citing Miranda v. Arizona, 384 U.S. 436 (1966)). "The Commonwealth bears the burden of proving by a preponderance of the evidence that the accused waived his Miranda rights." Mills v. Commonwealth, 14 Va. App. 459, 468, 418 S.E.2d 718, 722 (1992) (citing Colorado v. Connelly, 479 U.S. 157, 168 (1986)). "Courts indulge every reasonable presumption against a waiver of fundamental constitutional rights." White v. Commonwealth, 214 Va. 559, 560, 203 S.E.2d 443, 444 (1974). "[A] valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained." Miranda, 384 U.S. at 475.

Detective Ruffin testified that she read each statement on the Miranda form to Vauter. She testified that she "asked him if he understood his rights; and if he did so, could he write 'yes' and place his initials beside it." Ruffin testified that Vauter

6

wrote "yes" and placed his initials next to the word "yes." Ruffin then read the rest of the form, which stated that Vauter may waive his rights and make a statement. In response, Vauter "didn't motion or do anything." Ruffin testified that she "read the statement verbatim, and he did nothing. He didn't say no; he didn't say yes. He did nothing." Ruffin testified that she did not attempt to take a statement from Vauter because Vauter did not indicate that he was willing to make a statement. Ruffin then proceeded to ask Vauter routine questions "for the arrest sheet." During the course of completing the form, Ruffin asked another officer what substance they had seized from Vauter. Ruffin concluded that the other officer did not hear her. Ruffin then asked Vauter "what was it?" In response, Vauter stated "crack."

Based on this record and the presumption against a waiver of constitutional rights, see White, 214 Va. at 560, 203 S.E.2d at 444, I would hold that the Commonwealth failed to prove that Vauter waived his right to remain silent. The evidence proved that upon telling Vauter of the option to waive that right, Vauter remained silent. Cf. Harrison, 244 Va. at 582, 423 S.E.2d at 164 (assuming without deciding that an accused's silence was "an implicit invocation of" the accused's Miranda rights). Indeed, Detective Ruffin testified that she understood by Vauter's response that Vauter did not desire to make a statement. Given these circumstances, I would hold that the Commonwealth

7

has failed to prove that Vauter waived his right to remain silent.

The majority reasons that Vauter failed to assert his right to remain silent in a clear and unambiguous fashion. To support its position, the majority cites cases in which the attempted assertion of Miranda rights followed a prior Miranda waiver and interrogation. See Davis v. United States, 512 U.S. 452, 455, 461 (1994) ("We therefore hold that, after a knowing and voluntary waiver of the Miranda rights, law enforcement officers may continue questioning until and unless the suspect clearly requests an attorney."); Midkiff v. Commonwealth, 250 Va. 262, 266, 462 S.E.2d 112, 115 (1995); Mueller v. Commonwealth, 244 Va. 386, 394, 422 S.E.2d 380, 385 (1992); Lamb v. Commonwealth, 217 Va. 307, 311-12, 227 S.E.2d 737, 740-41 (1976). The rule in those cases, that a clear and unequivocal assertion of Miranda rights is required before the police are required to cease questioning, only applies when the police have already been questioning the accused pursuant to a valid Miranda waiver. Indeed, in Davis, the United States Supreme Court stated the following:

> A suspect who knowingly and voluntarily waives his right to counsel after having that right explained to him has indicated his willingness to deal with the police unassisted. Although Edwards provides an additional protection--if a suspect subsequently requests an attorney, questioning must cease--it is one that must be affirmatively invoked by the suspect.

8

<u>Davis</u>, 512 U.S. at 460-61; <u>see</u> <u>also</u> <u>id.</u> at 470-71 (Souter, J., concurring) (describing the <u>Davis</u> decision as "drawing a distinction between initial waivers of <u>Miranda</u> rights and subsequent decisions to reinvoke them").  When the accused has not waived his <u>Miranda</u> rights, however, he retains those rights until he knowingly and voluntarily waives them and any statement he makes during an interrogation is inadmissible.

Because the Commonwealth failed to prove that Vauter had waived his <u>Miranda</u> rights, the trial judge erred in admitting into evidence Vauter's answer to Detective Ruffin's question. Accordingly, I dissent.