# CIRCUIT COURT OF CHESTERFIELD COUNTY

Kimberly A. Finecy

v.

Damon R. Finecy

September 8, 2015

Case No. CL15-248

BY JUDGE DAVID E. JOHNSON

Plaintiff Kimberly A. Finecy moves this Court to compel Defendant Damon R. Finecy to answer questions propounded to him in deposition and to award attorney's fees and costs associated with the deposition and this motion. Mr. Finecy refused to answer several deposition questions and instead asserted his Fifth Amendment right against self-incrimination. Mrs. Finecy asserts that Mr. Finecy has, by several actions, waived that privilege. The Court heard this matter on August 26, 2015, received evidence in the form of the transcript of the deposition of Mr. Finecy given on July 24, 2015, and heard argument from counsel. At the conclusion of the hearing, the Court took the matter under advisement. The Court has reviewed and considered the pleadings, evidence, arguments of counsel, and pertinent case and statutory law.

## *Facts*

Mrs. Finecy filed her complaint on February 2, 2015, praying, among other things, that she be granted a final decree of divorce from Mr. Finecy based on the grounds of adultery. The pertinent paragraphs of the Complaint are as follows:

7. The Defendant has committed adultery with . . . ("the paramour") both prior to and after the separation of the parties.
. . .
13. The Defendant has committed adultery with the paramour on January 18, 2015, at the parties' marital residence.
14. The Defendant has committed adultery with the paramour on January 19, 2015.

15. The Defendant has committed adultery with the paramour between January 9 and January 11 at the marital residence in Virginia.

16. The adultery continues on a regular basis to the current date.

17. Defendant's adultery has occurred at other times and locations.

Mr. Finecy responded in his Answer as follows:

2. The Defendant denies the allegations in paragraph seven (7) of the Plaintiff's Complaint as phrased. . . .

8. The Defendant denies the allegations in paragraphs thirteen (13), fourteen (14), fifteen (15), sixteen (16), and seventeen (17) of the Plaintiff's Complaint, as such are inaccurate. Further, on advice of counsel, I invoke my rights and privileges of the Fifth Amendment of the United States Constitution.

On July 24, 2015, Mr. Finecy was deposed by counsel for Mrs. Finecy. Mr. Finecy refused to answer questions relating to the issue of adultery and instead asserted his Fifth Amendment privilege against self-incrimination. Mr. Finecy responded to other questions regarding allegations asserted in Mrs. Finecy's Complaint.

### Procedural Posture

Mrs. Finecy asserts that Mr. Finecy has waived his privilege against self-incrimination "because he has answered questions by denying the allegations in the pleadings, under oath, and at the deposition" and should be compelled to respond to certain deposition questions.

### Analysis

The privilege of a citizen against self-incrimination is protected by the Fifth Amendment to the Constitution of the United States and by Article I, Section 8, of the Constitution of the Commonwealth of Virginia. It is well established that the Fifth Amendment's protection against self-incrimination applies to both criminal and civil proceedings. The Fifth Amendment "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution, but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Husske v. Commonwealth*, 252 Va. 203, 214 (1996) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)). Additionally, the General Assembly of Virginia has enacted § 8.01-223.1 which states:

"In any civil action the exercise by a party of any constitutional protection shall not be used against him." Va. Code Ann. § 8.01-223.1 (2010).

An individual may likewise waive a constitutional right. The Supreme Court of Virginia has on numerous occasions articulated the principles applicable to the waiver doctrine.

> Waiver is the voluntary, intentional abandonment of a known legal right, advantage, or privilege. Essential elements of the doctrine are both knowledge of the facts basic to the exercise of the right and the intent to relinquish the right. A waiver of legal rights will be implied only upon clear and unmistakable proof of the intention to waive such rights; the essence of waiver is voluntary choice.

*Weidman v. Babcock*, 241 Va. 40, 45 (1991) (internal citations omitted).

> Courts indulge every reasonable presumption against a waiver of fundamental constitutional rights. The burden rests upon the party relying on a waiver to prove the essentials of such waiver by clear, precise, and unequivocal evidence. The evidence must not leave the matter to mere inference or conjecture but must be certain in every particular.

*White v. Commonwealth*, 214 Va. 559, 560 (1974) (internal citations omitted). The Supreme Court of Virginia has not addressed the specific issue of whether the Fifth Amendment privilege is waived by answering a Bill of Complaint or responding to deposition questions.

Mrs. Finecy argues that this Court should find guidance from the case of *Leitner v. Leitner*, 11 Va. Cir. 281 (1988) (Fairfax County). In that case, Mrs. Leitner filed a Bill of Complaint seeking a divorce from Mr. Leitner on the grounds of adultery. *Id.* at 281. In response to certain interrogatories, Mr. Leitner asserted his Fifth Amendment privilege. *Id.*

The court ruled that Mr. Leitner "waived his right against self-incrimination by denying allegations of adultery in his answer rather than invoking his Fifth Amendment right at that time." *Id.* at 282. The court offered little analysis in support of its ruling. Nine years later a ruling from the same circuit reached a different conclusion. In *Helmes v. Helmes,* Mrs. Helmes filed a motion to compel Mr. Helmes to answer deposition questions "because the privilege against self-incrimination has been waived by Helmes' filing an Answer in response to the Bill of Complaint and answering certain Interrogatories and certain deposition questions pertaining to the allegation. . . ." *Helmes v. Helmes*, 41 Va. Cir. 277, 277 (1997) (Fairfax County). The court found several cases from other states instructive in ruling "that Helmes did not waive his Fifth Amendment

privilege by answering the Bill of Complaint, Interrogatories, or deposition questions." *Id.* at 277–78.

The Court first considers whether Mr. Finecy's denials of the allegations of adultery asserted in the Bill of Complaint constitute a waiver of his privilege against self-incrimination. Mrs. Finecy asserted allegations of adultery in Paragraphs 7, 13, 14, 15, 16, and 17. Mr. Finecy denied "as phrased" the allegations of Paragraph 7 and denied the allegations of Paragraphs 13-17. The Court finds that Mr. Finecy's denials are denials and nothing more. There is no language contained in his responses upon which the Court can find a "voluntary, intentional abandonment of a known legal right" or "clear and unmistakable proof of the intention to waive such rights." Mrs. Finecy asserts that the mere denial of an allegation is sufficient proof of waiver. This Court finds no authority in the waiver doctrine to justify such a conclusion. The hallmark of the waiver doctrine is specificity. The waiver must be asserted as clearly as the underlying right is asserted.

Additionally, Mr. Finecy's responsive Paragraph 8 not only denies the allegations but also asserts his Fifth Amendment privilege. Mrs. Finecy would have this Court rule that Mr. Finecy both waived and asserted his privilege within the same paragraph. This would require the Court to ignore the plain words of the response and rely upon "mere inference or conjecture." Mr. Finecy's response demonstrates "knowledge of the facts basic to the exercise of the right." As such, any wavier must demonstrate the same knowledge and "the intent to relinquish the right." The Court finds no such intent.

In Mr. Finecy's responsive Paragraph 2, he denies the allegations "as phrased." Mr. Finecy was asked during his deposition what he meant by that response. He replied: "At the time I answered this, I did not believe that [the allegation in Complaint paragraph 7] was a true statement." He was then asked if he responded in this way "because you believe the allegation was untrue?" He replied: "Yes sir." Thus Mr. Finecy denied the allegation of Complaint Paragraph 7 in his responsive pleading and twice at his deposition. These three consistent answers contain no language upon which the Court can find a "voluntary, intentional abandonment of a known legal right" or "clear and unmistakable proof of the intention to waive such rights."

This Court will "indulge every reasonable presumption against a waiver of fundamental constitutional rights." Accordingly, the Court finds that Mr. Finecy's denials of the allegations of adultery asserted in the Bill of Complaint do not constitute a waiver of his privilege against self-incrimination.

The Court next considers whether Mr. Finecy's responses to certain questions during his deposition constitute a waiver of his privilege against self-incrimination. In Paragraphs 1 and 2 of her Motion To Compel, Mrs. Finecy asserts that the admissions of "cheating" and "not having relations

with any woman" except the alleged paramour are sufficient to constitute a waiver.

Mr. Finecy invoked his privilege on thirty-nine separate occasions during the deposition. Mr. Finecy's attorney asserted it on three occasions. When the issue of waiver was raised, Mr. Finecy stated: "It was not my intention to waive my Fifth Amendment right." The Court finds no responses in the deposition that demonstrate a "voluntary, intentional abandonment of a known legal right" or "clear and unmistakable proof of the intention to waive such rights." The Court finds that the specific statements referenced by Mrs. Finecy are not "clear, precise, and unequivocal evidence" of waiver.

Applying "every reasonable presumption against a waiver of fundamental constitutional rights," the Court finds that Mr. Finecy's responses to certain questions during his deposition do not constitute a waiver of his privilege against self-incrimination.

## Decision

Plaintiff Kimberly A. Finecy's Motion To Compel Defendant Damon R. Finecy to answer questions propounded to him in deposition and to award attorney's fees and costs associated with the deposition and this motion is denied.